AL-MALIKI v LaGRANT

Docket No. 287641. Submitted December 10, 2009, at Detroit. Decided December 22, 2009, at 9:00 a.m.

Susan E. Al-Maliki brought an action in the Wayne Circuit Court, Warfield Moore, Jr., J., against Gloria J. LaGrant, seeking damages for injuries sustained in an automobile accident. Defendant moved for summary disposition, arguing solely that plaintiff's injuries did not satisfy the serious impairment of body function threshold established in *Kreiner v Fischer*, 471 Mich 109 (2004). Defendant conceded the issue of causation for purposes of her motion. The court raised the issue of causation sua sponte during the hearing on the motion and ultimately granted summary disposition for defendant on the ground that plaintiff had not presented evidence that the automobile accident caused her claimed injuries. The court did not reach the merits of the issue regarding whether plaintiff's injuries constituted a serious impairment of a body function. Plaintiff appealed, alleging that the trial court erred by failing to provide notice and a reasonable opportunity to be heard regarding the issue of causation and by denying plaintiff's motion for reconsideration.

The Court of Appeals *held*:

The basic requirements of due processes in a civil case, notice and a meaningful opportunity to be heard, were not satisfied in this case. The trial court had the responsibility to provide plaintiff the opportunity to be heard on the issue once the court decided to bring up the issue sua sponte. The court did not fulfill its responsibility.

Reversed and remanded.

*Law Offices of Ziad A. Fadel, P.C.* (by *Ziad A. Fadel*), for plaintiff.

*James C. Rabaut & Associates* (by *Suzanne M. Kalka*) for defendant.

Before: DONOFRIO, P.J., and SAWYER and OWENS, JJ.

PER CURIAM. In this action predicated on the no-fault act, MCL 500.3101 *et seq.*, plaintiff appeals as of right an order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10). Because the basic requirements of notice and a meaningful opportunity to be heard have not been satisfied in this case, we reverse and remand.

This case arose out of an October 7, 2006, car accident in Livonia, Michigan, where plaintiff's vehicle was struck from the rear by a vehicle driven by defendant while plaintiff was waiting at a red light. Plaintiff filed a complaint alleging that she suffered serious impairment of body function including neck pain, muscle spasms, and reduced range of motion in her neck as a result of defendant's negligent driving. Defendant moved for summary disposition pursuant to MCR 2.116(C)(10), arguing solely that plaintiff's injuries did not satisfy the serious impairment threshold.[1] At oral argument on the motion, the trial court raised the issue of causation sua sponte and ultimately granted summary disposition on the ground that plaintiff had not presented evidence that the automobile accident caused her claimed injuries without reaching the merits of whether plaintiff's injuries constituted a serious impairment of body function.

On appeal, plaintiff argues that the trial court erred by granting defendant's motion for summary disposition. A trial court's decision whether to grant a motion for summary disposition is a question of law that is reviewed de novo on appeal. *Brown v Brown*, 478 Mich

---

[1] Defendant actually filed two motions for summary disposition. One motion alleged plaintiff was the possessory owner of the uninsured car at the time of the accident, and is therefore barred from benefits by MCL 500.3113. The trial court denied this motion and it is not at issue on appeal.

545, 551; 739 NW2d 313 (2007). If the motion is brought under MCR 2.116(C)(10), this Court considers the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party. *Id.* at 551-552. Where, as here, "the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). A motion based on MCR 2.116(C)(10) is properly granted when the proffered evidence fails to establish a genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. *Brown, supra* at 552.

Further, when a court reviews a motion for summary disposition, MCR 2.116(I)(1) provides that "[i]f the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact, the court shall render judgment without delay." Under this rule, a trial court has authority to grant summary disposition sua sponte, as long as one of the two conditions in the rule is satisfied. *Boulton v Fenton Twp*, 272 Mich App 456, 462-463; 726 NW2d 733 (2006).

In this case, plaintiff's claim of error is, in essence, a claim of procedural due process error. Whether a party has been afforded due process is a question of law. *Reed v Reed*, 265 Mich App 131, 157; 693 NW2d 825 (2005). Due process is a flexible concept, the essence of which requires fundamental fairness. *Id.* at 159. The basic requirements of due process in a civil case include notice of the proceeding and a meaningful opportunity to be heard. *Id.* Where a court considers an issue sua

sponte, due process can be satisfied by affording a party an opportunity for rehearing. *Paschke v Retool Industries (On Rehearing)*, 198 Mich App 702, 706; 499 NW2d 453 (1993), rev'd on other grounds 445 Mich 502 (1994).

Under MCR 2.119(F), a trial court has discretion to grant rehearing or reconsideration of a decision on a motion. "The rule allows the court considerable discretion in granting reconsideration to correct mistakes, to preserve judicial economy, and to minimize costs to the parties." *Kokx v Bylenga*, 241 Mich App 655, 659; 617 NW2d 368 (2000). The trial court may even give a party a second chance on a previously decided motion. *Id.* Additionally, in *Boulton, supra* at 463-464, this Court determined that any error by a court in granting summary disposition sua sponte without affording a party an adequate opportunity to brief an issue and present it to the court may be harmless under MCR 2.613(A), if the party is permitted to fully brief and present the argument in a motion for reconsideration.

Here, the causation issue on which the trial court relied to grant defendant's motion for summary disposition was indeed considered sua sponte by the trial court, because the issue of causation was not included in defendant's motion. The sole argument in defendant's brief in support of her motion was that plaintiff's neck injuries did not amount to a serious impairment of body function and did not satisfy the threshold injury standard announced in *Kreiner v Fischer*, 471 Mich 109; 683 NW2d 611 (2004). In fact, a careful reading of defendant's brief in support of the motion shows that defendant even conceded the issue of causation for purposes of her motion for summary disposition. The brief states as follows:

> The factual dispute concerning the nature and extent of the Plaintiff's injuries in this case is not material to the

determination of whether the plaintiff has suffered a serious impairment of the body function, for purposes of this argument. Even if the Defendant considers the worst-case scenario, assuming for purposes of this part of the motion that the Plaintiff's complaints are objectively manifested and related to this automobile accident, her general ability to lead her normal life **has still not been affected**.

Thus, the record clearly reveals that plaintiff had no notice that the causation issue would be raised at the summary disposition motion hearing and rightly should have been surprised by the trial court's inquiry at the motion hearing regarding causation.

Despite the facts that defendant conceded causation for purposes of her *Kreiner* motion and plaintiff lacked notice, during oral argument on the motion, the trial court posed the question whether plaintiff's injuries were caused by the car accident. Defense counsel stated, "There's nothing that we have to show this Court that there's any relationship to her diagnosed condition eight months post accident." Defense counsel also argued that plaintiff "hasn't shown the approximate [sic] causal relationship of the condition diagnosed and found eight months later as being related to the date of the accident." Plaintiff's counsel responded to the causation issue by quoting the following from a report prepared by Steve Geiringer, M.D., after plaintiff reported to his office for an independent medical examination:

"It would appear that the primary musculoskeletal problem still causing symptoms is residual muscle tightness in the neck, although it is very possible that the MVA [motor vehicle accident] led to or exacerbated a cervical disc condition in the earlier 'stages.' "

The trial court immediately granted defendant's motion stating, "No, sir. . . . Sir, it's not there, just not."

Plaintiff's counsel responded by asking the trial court if he could "produce to you a report from Dr. Sabana Khan." The trial court answered, "Well, you should have done that, sir. It's too late now." Plaintiff's counsel again pleaded with the court stating, "There is in fact a report, Judge. I can get that. This issue is not original." The trial court did not allow plaintiff's counsel the opportunity he requested to present more evidence and instead granted defendant's motion for summary disposition and entered an order dismissing plaintiff's claim. The order stated, in part, "IT IS FURTHER ORDERED that Defendant's Motion for Summary Disposition, pursuant to the *Kreiner* decision, be, and is hereby granted for the reasons set forth by this Court on the record." The language on the order that the trial court granted the motion based on *Kreiner* is suspect because the trial court never evaluated the *Kreiner* factors at oral argument and based its decision to grant defendant's motion only on the causation issue. We note that a substitute trial judge signed the order in the stead of the trial judge who actually heard the oral argument and granted defendant's motion.

Shortly thereafter, plaintiff filed a motion for reconsideration. Plaintiff included with the motion a letter from Dr. Nicholas S. Griffiths, plaintiff's chiropractor, stating, "Mrs. Al-Maliki's condition and injuries are directly related to the automobile collision she was in." The trial court denied plaintiff's motion for reconsideration without explanation.

Our review of the record reveals that the basic requirements of notice and a meaningful opportunity to be heard have not been satisfied in this case. *Reed, supra* at 157. The trial court decided the matter on an issue not before the court at that juncture because defendant clearly conceded causation for purposes of

her *Kreiner* motion. We are mindful of the fact that the trial court has the authority to grant summary disposition sua sponte under MCR 2.116(I)(1). However, the trial court may not do so in contravention of a party's due process rights. *Boulton, supra* at 462-463. When the trial court decided to bring up the issue of causation at the motion hearing, the trial court then had the responsibility to provide plaintiff the opportunity to be heard on the issue. The record reveals that the trial court was dismissive of plaintiff's counsel and did not consider evidence plaintiff attempted to provide orally regarding causation in an attempt to avoid summary disposition. Also, plaintiff's counsel sought time to present documentary evidence establishing causation since causation had now become an issue in the summary disposition stage of litigation. The trial court denied plaintiff time to present the evidence stating only that it was "too late now" without further explanation. And when plaintiff provided new evidence regarding causation at the time she moved for reconsideration, the trial court did not credit the evidence, finding that the motion for reconsideration merely presented the same issue ruled on by the court when granting summary disposition. For these reasons we conclude that procedural error occurred because the basic requirements of notice and a meaningful opportunity to be heard have not been satisfied in this case.[2]

Reversed and remanded. We do not retain jurisdiction. Costs to plaintiff.

---

[2] We offer no opinion regarding the merits of plaintiff's no-fault claim.