# STATE OF MICHIGAN

# COURT OF APPEALS

RICHARD J. RIOS,

       Plaintiff-Appellant,

v

PNC MORTGAGE, a/k/a PNC FINANCIAL
SERVICES GROUP, INC., and FEDERAL
NATIONAL MORTGAGE ASSOCIATION,

       Defendants-Appellees.

UNPUBLISHED
June 9, 2015

No. 320762
Van Buren Circuit Court
LC No. 13-630237-CZ

Before: HOEKSTRA, P.J., and O'CONNELL and MURRAY, JJ.

PER CURIAM.

Plaintiff, Richard J. Rios, appeals as of right the trial court's February 21, 2014 order granting summary disposition under MCR 2.116(I)(1) on his claims arising from a loan modification process with defendant PNC Mortgage (PNC). We affirm.

## I. FACTS

In September 2007, Rios and his wife, Margaret Rios, financed the purchase of a vacation home with a mortgage from PNC. While only Richard executed the promissory note, Richard and Margaret are both named on the mortgage and the deed. In November 2011, PNC invited Rios to enter into a mortgage loan modification agreement after he defaulted on the mortgage.

On June 1, 2012, PNC sent Rios a letter stating that he was approved for loan modification. PNC instructed Rios to complete and return a loan modification agreement and make his first modified mortgage payment by July 1, 2012. PNC informed Rios that if it did not receive the agreement by July 10, 2012, it would rescind the offer and possibly initiate foreclosure proceedings.

Rios made his first modified payment on July 1, 2012, but he did not execute the agreement or return it to PNC. According to Rios, Margaret was improperly named as a borrower and he repeatedly called PNC to attempt to "correct" the agreement. On July 23, 2012, PNC informed Rios by letter that it was unable to finalize his loan modification. PNC informed Rios of its intent to foreclose on September 13, 2012, and it sold the property at a sheriff's sale in November 2012. Rios did not redeem the property, and PNC conveyed its interest in the property to defendant Federal National Mortgage Association in January 2013.

-1-

In May 2013, Rios filed his complaint in this action. Rios sought in pertinent part (1) to void the foreclosure, (2) specific performance of the loan modification agreement, and (3) quiet title. Rios also sought a preliminary injunction. The trial court held a hearing on his motion on October 31, 2013, at which Rios testified and presented 17 exhibits into evidence.

On January 14, 2014, the trial court held a "hearing in this matter on a motion to dismiss [Rios's] complaint." At the hearing, Rios did not challenge the hearing on the basis of due process, but instead stood on his motion and the evidence submitted at the October 31, 2013 hearing. Following the hearing, the trial court considered the evidence from the October 13, 2013 hearing and granted summary disposition because Rios did not return the agreement.

Following the hearing, Rios filed a proposed order stating that the trial court denied his preliminary injunction. PNC objected to the order, asserted that the trial court granted summary disposition on Rios's claims, and submitted a different proposed order. At a subsequent hearing, Rios contended that the trial court's grant of summary disposition at the hearing on the preliminary injunction violated his due process rights. The trial court held that it properly granted summary disposition under MCR 2.116(I). Rios now appeals.

II. DUE PROCESS

Rios contends that the trial court deprived him of due process by granting summary disposition at the hearing on his motion for preliminary injunction. We disagree.

The Michigan and United States Constitutions provide that no person shall be deprived of property without due process of law. US Const, Am XIV; Const 1963, art 1, § 17. This Court reviews de novo whether a party has been afforded due process. *Elba Twp v Gratiot County Drain Comm'r*, 493 Mich 265, 277; 831 NW2d 204 (2013). Due process requires that a party receive notice of the proceedings against it and a meaningful opportunity to be heard. *Al-Maliki v LaGrant*, 286 Mich App 483, 485; 781 NW2d 853 (2009). The essential purpose of due process is to ensure fundamental fairness. *Reed v Reed*, 265 Mich App 131, 159; 693 NW2d 825 (2005).

MCR 2.116(I)(1) provides that "[i]f the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact, the court shall render judgment without delay." The trial court may sua sponte grant summary disposition under MCR 2.116(I). *Al-Maliki*, 286 Mich App at 489. "However, the trial court may not do so in contravention of a party's due process rights." *Id*.

We conclude that the trial court's grant of summary disposition did not violate Rios's due process rights. First, Rios was on notice of the possibility that the trial court would grant summary disposition at the beginning of the January 14, 2014 hearing. The trial court heard Rios's arguments fully at that motion hearing. Second, Rios had the opportunity to present evidence related to his likelihood of success on the merits. One of the things a trial court must consider when deciding whether to grant a preliminary injunction is a party's likelihood of prevailing on the merits. *Mich AFSCME Council 25 v Woodhaven-Brownstown Sch Dist*, 293 Mich App 143, 148; 809 NW2d 444 (2011). Rios presented testimony and exhibits regarding his likelihood of success on the merits at the October 31, 2013 hearing.

In sum, Rios has ample notice and an opportunity to be heard regarding whether his case should be dismissed. The trial court's procedures in this case were not fundamentally unfair and did not deprive Rios of due process.

## III. SUMMARY DISPOSITION

Rios also contends that the trial court improperly granted summary disposition because he presented evidence of a valid loan modification agreement. We disagree.

This Court reviews de novo the trial court's decision on a motion for summary disposition. *Al-Maliki*, 286 Mich App at 484. We review de novo the proper interpretation of contracts. *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 463; 663 NW2d 447 (2003).

"A valid contract requires: (1) parties competent to contract, (2) a proper subject matter, (3) legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation." *Barclae v Zarb*, 300 Mich App 455, 471; 834 NW2d 100 (2013). Additionally, the statute of frauds requires that certain types of agreements are in writing, including an agreement to modify a mortgage agreement. MCL 566.132(2)(b). Evidence of negotiations does not satisfy the elements of a contract because they do not show mutuality of agreement. *Barclae*, 300 Mich App at 471-472.

In this case, PNC sent Rios an offer to enter into a loan modification. PNC included Margaret Rios as a party to the new agreement. PNC instructed Rios to sign the loan modification agreement and return it. Rios disagreed with Margaret Rios's inclusion and refused to sign and return the agreement. PNC informed Rios that it was unable to approve his request for loan modification, and Rios testified at the hearing that nobody from PNC told him that the parties had an agreement in place.

We conclude the trial court properly determined that PNC's offer to enter into a loan modification agreement did not become a valid contract. Even presuming that the agreement constitutes a signed writing, the parties did not enter into a binding contract because they lacked mutuality. Rios refused to sign and return the agreement because he disagreed with its terms, and PNC's subsequent actions showed that an agreement did not exist between the parties. The trial court properly concluded that the writing only reflected the parties' negotiations and was not a binding contract.

We affirm.

/s/ Joel P. Hoekstra
/s/ Peter D. O'Connell
/s/ Christopher M. Murray