# STATE OF MICHIGAN

# COURT OF APPEALS

MARY ANN LAMKIN,

Plaintiff-Appellant,

v

HAMBURG TOWNSHIP BOARD OF
TRUSTEES and HAMBURG TOWNSHIP
ZONING ADMINISTRATOR,

Defendants-Appellees.

FOR PUBLICATION
January 19, 2017

No. 328836
Livingston Circuit Court
LC No. 15-028656-CZ

Before: RONAYNE KRAUSE, P.J., and O'CONNELL and GLEICHER, JJ.

O'CONNELL, J. (*concurring*).

I concur in the result. I write separately to state that the trial court, in its effort to be efficient, may have set a new land speed record for disposing of a case. While efficiency is an excellent goal for trial courts to obtain, it may collide with a plaintiff's right to notice and an opportunity to be heard and prevent this Court from being able to engage in meaningful appellate review.

In this case, plaintiff, in propria persona, filed her law suit on July 29, 2015. Two days later on July 31, 2015, before the defendants were even served and perhaps even before the ink was dry on the complaint, the trial court sua sponte dismissed the suit. The resulting scant lower court record does not reflect how the plaintiff's issues were raised, argued, or presented to the lower court, and it is devoid of any answer by the defendants. The trial court's order consists of six conclusory paragraphs with a very limited recitation of the court's factual conclusions. The trial court's order does not provide sufficient information for this Court to evaluate the reasons for the dismissal or the merits of plaintiff's case.

Clearly, the trial court was frustrated by the numerous (and possibly frivolous) lawsuits that the plaintiff has filed. While I appreciate efficiency, I conclude that plaintiff was completely denied her day in court and her opportunity to present her case in a reasonable manner. Though due process may take a little time and patience on the part of the trial court, it is necessary to a fundamentally fair court system. See *Al-Maliki v LaGrant*, 286 Mich App 483, 485-486; 781 NW2d 853 (2009).

I would vacate the lower court decision and direct that, on remand, the trial court should give plaintiff an opportunity to present her case and create a reviewable lower court record.

/s/ Peter D. O'Connell