# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL HORTON,

      Plaintiff/Cross-Appellant,

v

MCLAREN PERFORMANCE
TECHNOLOGIES, INC., and LINAMAR USA,
INC.,

      Defendants/Cross-Appellees,

and

CITY OF LIVONIA,

      Defendant.

UNPUBLISHED
April 13, 2017

No. 330347
Wayne Circuit Court
LC No. 15-010998-AW

Before: O'CONNELL, P.J., and GLEICHER and BOONSTRA, JJ.

PER CURIAM.

Plaintiff, Michael Horton cross-appeals[1] by right the trial court's order denying his request for a writ of mandamus against defendant City of Livonia (Livonia) and dismissing his breach of contract claims against defendants McLaren Performance Technologies, Inc., (McLaren) and Linamar USA, Inc. (Linamar). We affirm in part, reverse in part, and remand.

## I. FACTUAL BACKGROUND

In March 2010, McLaren proposed to rezone a portion of property located at 32233 Eight Mile Road in Livonia to build new structures. Horton, who lived adjacent to the property, was one of the property owners who submitted letters of protest to Livonia. At a meeting of Livonia's Planning Commission, McLaren outlined its plans for the property to the attending

---

[1] The initial appeal in this case was dismissed on stipulation of the parties. *Michael Horton v McLaren Performance Technologies Inc*, unpublished order of the Court of Appeals, entered March 18, 2016 (Docket No. 330347).

-1-

property owners. According to Horton's complaint, he entered into a contract with McLaren and Linamar after the meeting. Horton promised to withdraw his formal protest in exchange for McLaren and Linamar's promises "(1) to construct a flat parking lot of not more than 60 parking spaces, (2) to build a retention pond, (3) to build its manufacturing facility and parking lot in substantial conformity with the plans that were presented to the City of Livonia in April 2010 and (4) to not seek further expansion on the property." Subsequently, McLaren sent a letter to the Livonia City Council on April 21, 2010, stating a number of voluntary conditions that it agreed to incorporate into its rezoning petition. Livonia approved rezoning in April 2010.

On August 20, 2015, Horton filed his complaint in this action, in part alleging that McLaren and Linamar breached their contract by building a more extensive parking lot and failing to incorporate the landscaping they had agreed to. Horton requested that the trial court issue a writ of mandamus against Livonia and issue an injunction to halt construction.

At the November 12, 2015 hearing, the trial court heard arguments related to Horton's writ of mandamus and the preliminary injunction; Horton's alleged contract with McLaren and Linamar was only mentioned in passing, when McLaren and Linamar alleged that Horton's complaint for breach of contract referred to the voluntary conditions that they had incorporated into their zoning conditions with Livonia instead of a separate contract. Following the hearing, the trial court issued an injunction until McLaren obtained rezoning of the property in accordance with proper procedures, but the trial court sua sponte dismissed Horton's claim for breach of contract on the basis that Horton could not enforce the voluntary conditions between McLaren, Linamar, and Livonia.

## II. STANDARDS OF REVIEW

We review de novo questions of standing. *Barclae v Zarb*, 300 Mich App 455, 467; 834 NW2d 100 (2013). We also review de novo the trial court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). MCR 2.116(I)(1) provides that "[i]f the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact, the court shall render judgment without delay." However, the trial court may not contravene a party's due process rights when granting summary disposition under this provision. *Al-Maliki v LaGrant*, 286 Mich App 483, 489; 781 NW2d 853 (2009).

## III. STANDING

Horton contends that the trial court improperly dismissed his breach of contract claims against McLaren and Linamar. We agree.

At a minimum, due process requires that a party be given notice and an opportunity to be heard regarding its claims. *Bonner v City of Brighton*, 495 Mich 209, 235; 848 NW2d 380 (2014).

In his complaint, Horton alleged that he had entered into a contract in April 2010 with McLaren and Linamar regarding the conditions under which he would withdraw his objection to rezoning. Horton also alleged that McLaren and Linamar violated those conditions. It is clear from the record that the trial court mistakenly conflated Horton's alleged independent contract

with McLaren and Linamar's voluntary conditions attached to their zoning petition. Horton was not seeking to enforce the voluntary conditions that McLaren and Linamar agreed to with Livonia. As a result, Horton was not given notice or an opportunity to be heard regarding the existence of the alleged contract between himself, McLaren, and Linamar.

McLaren and Linamar argue that this Court should affirm the trial court's dismissal because any contract was oral and cannot meet the requirements of the statute of frauds. However, because of the procedural posture of this case, there is no factual record regarding the existence or nonexistence of a written contract, or, if the contract was oral, whether the statute of frauds would bar it on its terms. We lack the necessary facts to affirm on this basis. See *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007) (discussing the circumstances under which this Court may decide unpreserved issues).

We conclude that the trial court erred by granting summary disposition on Horton's breach of contract claims against McLaren and Linamar. Because this is the only issue Horton raises on appeal, we do not disturb the portion of the trial court's order dismissing Horton's claims against Livonia. We approve the parties' stipulation dismissing the City of Livonia from this proceeding.

We affirm in part, reverse in part, and remand. We do not retain jurisdiction.

/s/ Peter D. O'Connell
/s/ Elizabeth L. Gleicher
/s/ Mark T. Boonstra