# STATE OF MICHIGAN

# COURT OF APPEALS

ELIZABETH BEITEL,

Plaintiff-Appellant,

v

DAVID ALAN BEITEL,

Defendant-Appellee.

UNPUBLISHED
November 21, 2017

No. 333924
Oakland Circuit Court
LC No. 2015-148934-NI

Before: MURRAY, P.J., and FORT HOOD and GLEICHER, JJ.

PER CURIAM.

This premises liability action arises from Elizabeth Beitel's fall on her ex-husband's driveway. The trial court granted summary disposition in favor of David Beitel, finding that the ice on which Elizabeth slipped was open and obvious. David's motion for summary disposition did not raise the open and obvious danger defense; David contended only that he lacked notice of the ice.

The court rules require that the party moving for summary disposition "specifically identify the issues" about which it believes no genuine issue of material fact exits. MCR 2.116(G)(4). Before granting summary disposition based on the open and obvious danger doctrine, the court was obligated to provide Elizabeth with the opportunity to submit evidence on this issue. We reverse in part, vacate in part, and remand for further proceedings.

## I. BACKGROUND

On the evening of January 26, 2015, Elizabeth visited David's Troy home to carpool to their son's music recital. When Elizabeth arrived at 6:15 p.m., she parked next to David's vehicle and walked around the front of her car, toward the garage, to greet her son. When the Beitels returned at 9:00 p.m., Elizabeth took an alternate route, walking behind David's truck to reach her car. She slipped and fell behind David's vehicle, breaking the tibia, fibula, and ankle of her right leg.

Earlier in the day, David had cleared snow from the entire three-car-wide driveway and removed ice buildup from most of it. Elizabeth fell on a portion that David had not yet addressed—the bottom right section of the driveway nearest the road. Ice had formed on compressed-snow tire ruts left by David's vehicle. David routinely drove in and out of his

-1-

driveway on its right side. The parties agree that Elizabeth fell on one of the icy ruts behind David's car.

David knew about that ice before Elizabeth arrived at his home. He planned to attack that ice with a "spade shovel" and would have done so that night, but for the concert. Despite David's awareness of the ice, he admitted during his deposition that he did not warn Elizabeth about it, rationalizing, "I don't like conflict with her."

Elizabeth had parked on the left side of the driveway. When the Beitels returned to David's house after the concert, Elizabeth exited David's pickup truck from the passenger side, and walked behind his truck toward her car. She recalled at her deposition that the area was dark, and that she did not see any ice until she landed on the ground. David conceded that his garage area was lit only by 60-watt "lamps, lanterns" and that no spotlights or floodlights illuminated the driveway. He testified that there were "no lights . . . none" in the area of Elizabeth's fall.

Elizabeth filed a premises liability complaint, alleging that David breached his duty to keep the premises free of ice and adequately lighted, and to warn her of the ice. David sought summary disposition on a single ground: notice. His brief stated in its opening paragraph, "There is no evidence that Defendant had any actual or constructive notice of the ice on his driveway at the time of Plaintiff's fall." Although he attached his deposition transcript to his motion, David failed to cite any of his testimony. Nor did he cite any testimony supporting his notice claim. Also absent from his brief was any mention of the open and obvious danger doctrine.

Despite that David failed to support his motion for summary disposition with admissible evidence (and that the evidence he filed soundly rebutted his argument), Elizabeth responded. She pointed out that David's notice claim was "false and sanctionable," as he had admitted to the contrary in his deposition. His concession, she argued, "conclusively establishe[d] that Defendant breached his established social host duty," and entitled her to partial summary disposition on this ground.

At the argument, David's lawyer abandoned the notice argument raised in his brief, pivoting to a contention that Elizabeth "had alternatives" and "could have pulled forward." Counsel did not specifically argue that the ice presented an open and obvious danger. Rather, he couched his argument in language suggesting the nonexistence of a special aspect, i.e. that the condition was effectively unavoidable: "She had 50 feet of driveway that was all clear and dry and better lit than where she parked down by the road."

Elizabeth's counsel insisted that David's motion related solely to notice, and that David had admitted that he knew about the ice and that he had failed to warn Elizabeth of its presence. Counsel further expressed that "the driveway was dark," and that according to Elizabeth's testimony, "she could not see anything behind the truck." He emphasized that Elizabeth "had no reason to believe that there was ice" behind David's truck as the rest of the driveway had been shoveled.

The trial court ruled that because Elizabeth was a licensee, David owed her no affirmative duty to make his premises safe. In the trial court's view, Elizabeth should have been able to see the ice when she pulled into David's driveway, because her headlights would have illuminated it. Elizabeth's counsel objected, stressing that she had parked at the top of the driveway next to David's truck, and on the left side. The trial court rejected this argument, ruling that Elizabeth must not have been looking and that the danger was not "hidden." Elizabeth now appeals.

## II. ANALYSIS

We review de novo a circuit court's resolution of a summary disposition motion. *Beaudrie v Henderson*, 465 Mich 124, 129; 631 NW2d 308 (2001). "A motion under MCR 2.116(C)(10) should be granted if the evidence submitted by the parties 'fails to establish a genuine issue regarding any material fact, [and] the moving party is entitled to judgment as a matter of law.' " *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 424-425; 751 NW2d 8 (2008) (citations omitted; alterations in original). In reviewing a (C)(10) motion, courts must view the record in the light most favorable to the nonmoving party to determine whether a genuine issue of material fact exists. *Id*. at 425. A genuine issue of material fact exists when reasonable minds could differ with respect to an issue. *Id*.

Premises liability law supplies the backdrop for our discussion. Elizabeth, as a social visitor, was a licensee on David's land. See *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000).

> A landowner owes a licensee a duty only to warn the licensee of any hidden dangers the owner knows or has reason to know of, if the licensee does not know or have reason to know of the dangers involved. The landowner owes no duty of inspection or affirmative care to make the premises safe for the licensee's visit. [*Id*.]

A landowner has no duty to safeguard a licensee from a condition that is open and obvious. *Pippin v Atallah*, 245 Mich App 136, 143; 626 NW2d 911 (2001). "The test for an open and obvious danger focuses on the inquiry: Would an average person of ordinary intelligence discover the danger and the risk it presented on casual inspection?" *Price v Kroger Co of Mich*, 284 Mich App 496, 501; 773 NW2d 739 (2009).

David's summary disposition motion asserted that he was entitled to judgment as a matter of law because did not know about the ice. The trial court ruled that Elizabeth should have seen the ice when she pulled into the driveway, about three hours before her fall. Thus, the court's rationale for granting summary disposition had nothing to do with the argument proffered by David's motion. Several court rules guide our determination that the trial court erred by granting summary disposition on the second ground.

MCR 2.116(G)(4) provides that when seeking summary disposition, the moving party must "specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact." MCR 2.116(G)(3) compels the moving party to support its motion with affidavits, depositions, or admissions, or other documentary evidence. Only if the moving

party complies with MCR 2.116(G)(3) does the burden shift to the opposing party to respond. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 370; 775 NW2d 618 (2009).

David failed to present any evidence supporting the ground specifically raised in his motion—that he lacked actual or constructive notice of the ice. In fact, his evidentiary submissions proved just the opposite—that he knew of the ice and deliberately failed to warn Elizabeth of its presence. David's testimony on this point was uncontroverted. Because no genuine issue of material fact existed on the question of notice, the trial court erred by failing to grant partial summary disposition on this ground in Elizabeth's favor. We reverse in this regard.

Instead, the trial court ruled that the ice was not hidden from Elizabeth's view, as she should have spotted the ruts when she pulled into the driveway. We vacate this ruling. Whether the icy ruts were readily visible was not an issue that David raised. Before deciding the case on this ground the court was obligated to afford Elizabeth notice that the court intended to consider it. In a factually similar case, *Al-Maliki v LaGrant*, 286 Mich App 483, 486; 781 NW2d 853 (2009), we highlighted that due process principles compel courts to let a party know that an otherwise unraised issue is on the table for decision. In that case we noted that the record "clearly reveal[ed] that plaintiff had no notice that the causation issue would be raised at the summary disposition motion hearing and rightly should have been surprised by the trial court's inquiry at the motion hearing regarding causation." *Id* at 487. We concluded that "the basic requirements of notice and a meaningful opportunity to be heard" were unsatisfied, and reversed the grant of summary disposition. *Id*. at 488.

This case is indistinguishable. In *Al-Maliki*, as here, counsel for the plaintiff attempted to orally dissuade the court from granting summary disposition based on an issue that the parties had not briefed. Counsel in that case also insisted that evidence of record demonstrated the existence of a material fact question, precluding summary disposition on the newly-raised issue. *Id*. at 489. We found in that case, as we do here, that the nonmoving party should have been permitted to present evidence in support of its position.

We reverse the trial court's summary disposition order on the issue of notice, vacate on the issue of whether the condition was open and obvious, and remand for proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff, as the prevailing party, may tax her costs.

/s/ Christopher M. Murray
/s/ Karen M. Fort Hood
/s/ Elizabeth L. Gleicher