*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RUBY SEIFUDDIN,

        Plaintiff-Appellant,

v

ESURANCE PROPERTY AND CASUALTY
INSURANCE COMPANY,

        Defendant-Appellee.

UNPUBLISHED
June 20, 2019

No. 340564
Wayne Circuit Court
LC No. 16-008008-NF

Before: GADOLA, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Plaintiff suffered injuries in a 2013 auto accident. In 2016, plaintiff filed this action against her insurance carrier, seeking payment of personal-injury-protection benefits, alleging claims for both work-loss and replacement-services benefits. The trial court granted defendant summary disposition of plaintiff's claims, and plaintiff now appeals. We affirm.

## I. BACKGROUND

This case arises from a car accident that occurred on November 30, 2013. Following the accident, plaintiff sought treatment from Dr. Kevin Crawford, who determined that she was disabled and that she could not perform household services. In plaintiff's deposition, she testified that her son assisted her with replacement services for a six-month period after the accident. Her son stopped providing replacement services at some point and plaintiff stopped treatment with Dr. Crawford in either June or July of 2014.

Plaintiff filed a lawsuit against defendant on June 23, 2016, alleging that she was entitled to personal-injury-protection (PIP) benefits under the no-fault act, MCL 500.3101 *et seq*. Specifically, plaintiff sought payment of both work-loss and replacement-services benefits. Defendant filed a motion for summary disposition under MCR 2.116(C)(10), arguing that plaintiff's claims were barred by the one-year-back rule, MCL 500.3145. In addition, defendant's motion pointed to plaintiff's testimony that she had not received treatment for her alleged injuries since 2014.

In response to defendant's motion, plaintiff acknowledged that her claims that arose before June 23, 2015, were barred. Yet, plaintiff argued that she was entitled to work-loss and replacement-services benefits for three years after the accident, under MCL 500.3107(1)(b). Accordingly, plaintiff argued that her claims for work-loss and replacement-service benefits for the period from June 23, 2015, through November 30, 2016, were valid. In support of that argument, plaintiff relied on her deposition testimony that she was employed on the date of the accident and that she was no longer able to work. In addition, plaintiff submitted her own affidavit stating that she was no longer able to work because of her accident-related injuries and that she was continuing to seek medical treatment. Finally, plaintiff submitted a June 29, 2017 letter from her doctor, Dr. Zakaria Ahmad, stating that he was treating plaintiff for "joint pain that is related to a Motor Vehicle Accident that occurred in 2015."

The trial court initially granted defendant's motion for summary disposition only in part, applying the one-year-back rule to bar plaintiff's claims that arose before June 23, 2015. At a subsequent settlement conference, defendant orally renewed its motion for dismissal of plaintiff's remaining claims for work-loss and replacement-service benefits for the period from June 23, 2015, through November 30, 2016. Defendant argued that plaintiff failed to provide sufficient evidence that she (1) she was unable to work, (2) was treating for her accident-related injuries, or (3) needed replacement services. Plaintiff responded that her deposition testimony and affidavit provided sufficient evidence to maintain her claims. The trial court dismissed all of plaintiff's remaining claims, citing MCR 2.116(C)(10), based on plaintiff's failure to provide any medical records or a disability prescription to create a genuine issue of material fact regarding her claims for work-loss and replacement-services benefits.

Plaintiff now appeals.

## II. ANALYSIS

### A. DUE-PROCESS CLAIM

Plaintiff argues that the trial court violated her due-process rights when it dismissed the case sua sponte without providing notice of the proceeding. Plaintiff's claim focuses on the settlement conference at which the trial court granted defendant's oral motion. Whether due process has been afforded is a constitutional issue that we review de novo. *Elba Twp v Gratiot Co Drain Comm'r*, 493 Mich 265, 277; 831 NW2d 204 (2013). We conclude that the trial court did not violate plaintiff's due-process rights.

MCR 2.116(I)(1) states, "If the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact, the court shall render judgment without delay." "Under this rule, a trial court has authority to grant summary disposition sua sponte, as long as one of the two conditions in the rule is satisfied." *Al-Maliki v LaGrant*, 286 Mich App 483, 485; 781 NW2d 853 (2009). A trial court may not grant summary disposition sua sponte, however, "in contravention of a party's due process rights." *Id*. at 489. "The basic requirements of due process in a civil case include notice of the proceeding and a meaningful opportunity to be heard." *Id*. at 485. In this case, plaintiff argues only that the trial court failed to provide her with proper notice and does not argue that she was deprived of an opportunity to be heard.

-2-

First, we conclude that the trial court did not dismiss the case sua sponte. Instead, defendant orally renewed its motion seeking dismissal of the case because plaintiff failed to provide evidence of her claims that she was unable to work and that she needed help with household services. Defendant's earlier motion for summary disposition concentrated on the argument that plaintiff's claims for work-loss and replacement-services benefits were barred because of the one-year-back rule. In addition, defendant's motion for summary disposition also stated: "Plaintiff testified that she has not sought any treatment for any injuries allegedly sustained in the subject accident, since June or July 2014." In plaintiff's response in opposition to that motion, she stated that she had been unable to work since the accident, she was still disabled from working, and she was still in treatment for her injuries from the accident. Therefore, defendant's oral request to renew its motion for summary disposition because plaintiff had failed to provide evidence of his claims was entirely consistent with its earlier-filed motion that the trial court granted in part.

Plaintiff's argument regarding a lack of notice refers to a lack of notice that the issue would be litigated at the settlement conference, rather than a lack of notice that the evidence supporting her claims of disability and inability to work were disputed. Although plaintiff was not afforded notice that the issue would be litigated at the settlement conference, plaintiff certainly had notice that her disability and inability to work were at issue generally. Reviewing defendant's motion for summary disposition and plaintiff's response to the motion, we conclude that plaintiff had notice that the evidence supporting her assertions that she was disabled and unable to work were at issue.

Plaintiff relies on *Al-Maliki* to support her argument that the trial court failed to provide her with proper notice that the issue would be litigated at the settlement conference. In that case, the sole issue raised in the defendant's motion for summary disposition was related to a serious impairment of bodily function, and the defendant even conceded the issue of causation for purposes of the motion. *Id*. at 486. At the motion hearing, however, the trial court raised the issue of causation sua sponte, and ultimately granted summary disposition to the defendant on the ground that the plaintiff's injuries were not caused by the automobile accident. *Id*. This Court reversed the trial court's order granting summary disposition, reasoning that the plaintiff had no notice that causation would be at issue during the hearing. *Id*. at 487. This Court also noted that the plaintiff did not have a meaningful opportunity to be heard on the issue of causation, stating:

> [T]he trial court was dismissive of plaintiff's counsel and did not consider evidence plaintiff attempted to provide orally regarding causation in an attempt to avoid summary disposition. Also, plaintiff's counsel sought time to present documentary evidence establishing causation since causation had now become an issue in the summary disposition stage of litigation. The trial court denied plaintiff time to present the evidence stating only that it was "too late now" without further explanation. And when plaintiff provided new evidence regarding causation at the time she moved for reconsideration, the trial court did not credit the evidence, finding that the motion for reconsideration merely presented the same issue ruled on by the court when granting summary disposition. [*Id*. at 489.]

*Al-Maliki* is distinguishable because the trial court in this case did not raise a new issue and dismiss the lawsuit sua sponte. Instead, defendant orally renewed its motion that the trial court dismiss the case. Defendant's request for dismissal raised the argument that plaintiff had failed to provide sufficient evidence of her inability to work or current medical treatment. Additionally, plaintiff's response to defendant's motion for summary disposition demonstrates that plaintiff was fully aware that whether she could work and continued to receive medical treatment for her injury were at issue. Based on these facts, we conclude that the trial court's dismissal of the case at the settlement conference did not violate plaintiff's due-process rights.

## B. PIP-BENEFIT CLAIMS

Plaintiff also argues that she presented valid claims for work-loss and replacement-services benefits. Therefore, plaintiff argues that the trial court erred when it granted summary disposition. We conclude that the trial court properly granted defendant summary disposition of plaintiff's claims.

This Court reviews de novo a trial court's decision to grant or deny summary disposition. *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005). In this case, the trial court granted summary disposition under MCR 2.116(C)(10), which tests the factual sufficiency of the complaint. See *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). A motion for summary disposition under MCR 2.116(C)(10) shall be granted if there is no genuine issue regarding any material fact and the movant is entitled to judgment as a matter of law. *Bazzi v Sentinel Ins Co*, 502 Mich 390, 398; 919 NW2d 20 (2018). "If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted." *Quinto v Cross & Peters Co*, 451 Mich 358, 363; 547 NW2d 314 (1996).

## 1. WAGE-LOSS BENEFITS

Plaintiff argues that she presented a valid claim for wage-loss benefits. Yet, the trial-court record demonstrates that plaintiff's only evidence that she was unable to work was provided by her own deposition testimony and her affidavit. Plaintiff's testimony and affidavit were insufficient to establish a genuine issue of material fact because plaintiff, as a lay person, could not properly testify to the medical conclusion that she could not work. See *Gilbert v Daimler Chrysler Corp*, 470 Mich 749, 787-791; 685 NW2d 391 (2004) (determining that a social worker's testimony regarding the plaintiff's inability to work, among other medical diagnoses, was inadmissible because the testimony was beyond the scope of the social worker's expertise because the social worker did not have medical training or an ability to interpret medical records).

Moreover, plaintiff stated at her deposition that she last received treatment for her injuries in June or July 2014. This contradicted plaintiff's affidavit, which stated that she was currently receiving treatment for her injuries. "[A] witness is bound by his or her deposition testimony, and that testimony cannot be contradicted by affidavit in an attempt to defeat a motion for summary disposition." *Casey v Auto-Owners Ins Co*, 273 Mich App 388, 396; 729 NW2d 277 (2006). Accordingly, plaintiff's affidavit and deposition testimony were insufficient to establish that she could not work.

Additionally, Dr. Ahmad's letter did not create a genuine issue of material fact because the letter comprises inadmissible hearsay under MRE 801, given that plaintiff offers the letter to prove that Dr. Ahmad is currently treating plaintiff for injuries from the accident. See MRE 801(c) (stating that hearsay is a statement made outside of court that is offered to prove the truth of the matter asserted). The letter does not qualify under the business-records exception to hearsay, MRE 803(6), because the letter was not kept in the course of regularly conducted business, "as shown by the testimony of the custodian or other qualified witness, or by certification," and was written at plaintiff's request. See MRE 803(6). Moreover, the letter's presumed typographic error—listing the accident as occurring in 2015, when the accident took place in 2013—indicates a lack of trustworthiness. See MRE 803(6).

Even if Dr. Ahmad's letter was admissible, the letter does not create a genuine issue of material fact because the letter does not address plaintiff's ability to work. All the letter states is that Dr. Ahmad was treating plaintiff for injuries related to the accident. In addition, the letter is not an affidavit. An affidavit is "a document [that] must be (1) a written or printed declaration or statement of facts, (2) made voluntarily, and (3) confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation." *Holmes v Mich Capital Med Ctr*, 242 Mich App 703, 711; 620 NW2d 319 (2000). Dr. Ahmad's letter did not have a confirmation of the facts, taken by oath, in front of a person with the authority to administer such an oath.

Moreover, plaintiff did not present any documentary evidence to establish her disability, and admitted that she had not possessed a disability prescription since 2014. Plaintiff's 2014 disability prescription was not relevant to whether she was unable to work because plaintiff's work-loss claims were for the period of June 23, 2015 through November 30, 2016. The trial court properly granted summary disposition of plaintiff's claim for wage-loss benefits.

## 2. REPLACEMENT SERVICES

Plaintiff also argues that she had a valid claim for replacement-services benefits. A "nonmoving party may not rely on mere allegations or denials in pleadings, but must set forth specific facts showing that a genuine issue of material fact exists. If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted." *Aho v Dep't of Corrections*, 263 Mich App 281, 288; 688 NW2d 104 (2004) (citation omitted). Because plaintiff failed to provide any medical evidence supporting the necessity of replacement services, the trial court properly dismissed her claim for those services.

In summary, the trial court properly determined that there was no genuine issue of material fact regarding plaintiff's ability to work or her need for replacement services. The trial court did not err when it granted summary disposition in favor of defendant.

Affirmed.

/s/ Michael F. Gadola
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle