*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PAYMASTER LLC,

Plaintiff-Appellant,

v

AMY LEE,

Defendant-Appellee.

UNPUBLISHED
May 21, 2025
10:53 AM

No. 370234; 370235
Wayne Circuit Court
LC Nos. 21-003561-CH
21-003562-CH

Before: GADOLA, C.J., and MURRAY and REDFORD, JJ.

PER CURIAM.

In Docket No. 370234, plaintiff, Paymaster LLC, appeals as of right the trial court's order granting defendant, Amy Lee, summary disposition in lower court no. 21-003561-CH under MCR 2.116(C)(10). In Docket No. 370235, plaintiff appeals as of right the trial court's order in lower court no. 21-003562-CH, also granting summary disposition to defendant under MCR 2.116(C)(10). We affirm.

## I. FACTS

These cases involve two actions to quiet title. In Docket No. 370234, the property in question is located at 4320 Gray Street, Detroit; in Docket No. 370235, the property in question is located at 19969 Wyoming Avenue, Detroit. On November 15, 2018, plaintiff entered into a land contract to purchase the Gray Street property from defendant. On that same day, plaintiff entered into a separate land contract to purchase the Wyoming Avenue property from defendant. The parties do not dispute that plaintiff defaulted on both land contract agreements.

Defendant initiated land contract forfeiture proceedings in the district court regarding each property; the parties do not appear to dispute that plaintiff defaulted in the forfeiture proceedings. With respect to the Gray Street property, the district court entered a judgment of possession in favor of defendant, ordering that the Gray Street property was forfeited unless plaintiff paid defendant $16,273.27 on or before March 6, 2020. Plaintiff did not appeal the district court's order, did not pay defendant the amount ordered on or before March 6, 2020, and did not relinquish

-1-

possession of the Gray Street property to defendant. According to defendant, plaintiff continues to rent the property to a tenant and collect rent from the property.

With respect to the Wyoming Avenue property, the district court entered a judgment of possession in favor of defendant, ordering that the Wyoming Avenue property was forfeited unless plaintiff paid defendant $16,571.51 on or before March 4, 2020. Plaintiff did not appeal the district court's order, did not pay defendant the amount ordered on or before March 4, 2020, and did not relinquish possession of the Wyoming Avenue property to defendant.

On March 15, 2021, plaintiff initiated these actions in the circuit court seeking to quiet title to the two properties and alleging that defendant unlawfully prevented plaintiff from redeeming the property by refusing to accept payment. In each of the quiet title actions, defendant served plaintiff with requests for admissions, as well as interrogatories and requests for production of documents. The parties do not dispute that plaintiff failed to respond to defendant's requests for admissions.

In each case, defendant moved for summary disposition under MCR 2.116(C)(8) and (10), contending in part that plaintiff failed to establish a genuine issue of material fact regarding whether plaintiff is entitled to redeem the property. Defendant argued that because plaintiff failed to respond to the requests for admissions, the statements were deemed admitted under MCR 2.312(B)(1), including the admission that plaintiff did not pay the ordered amount to defendant within the redemption period as ordered by the district court. Defendant's motion further asserted that emails between defendant's counsel and plaintiff's former counsel also demonstrated that plaintiff did not pay the amounts due within the redemption period.

The motions for summary disposition were scheduled for hearing September 22, 2023. At the time of the hearing, plaintiff had failed to respond to defendant's motion for summary disposition. Plaintiff moved to adjourn the hearing to permit it time to respond to the motion. The circuit court granted the adjournment, scheduling the hearing on the motion for October 12, 2023. Plaintiff filed its response to the motion on the day of the rescheduled hearing.

The circuit court declined to consider plaintiff's response, finding that plaintiff had not timely responded to defendant's motion for summary disposition in either case. The circuit court also observed that plaintiff did not move to amend its responses to defendant's requests for admissions, and that in light of the admissions, there was no genuine issue of material fact regarding plaintiff's failure to timely redeem the property. The circuit court therefore granted defendant summary disposition under MCR 2.116(C)(10) in both cases.

Plaintiff moved for reconsideration in each case. The circuit court denied plaintiff's motion for reconsideration in each case, reasoning that even considering plaintiff's response to the motions for summary disposition, defendant was entitled to summary disposition. Plaintiff appeals the orders granting defendant summary disposition in both cases. This Court consolidated the two appeals. *Paymaster LLC v Amy Lee*, unpublished per curiam order of the Court of Appeals, issued July 17, 2024 (Docket Nos. 370234; 370235).

## II. DISCUSSION

Plaintiff contends that the circuit court erred by granting defendant's motion for summary disposition under MCR 2.116(C)(10) regarding the Gray Street property.[1] Plaintiff argues that it offered to tender the payment to defendant during the redemption period and that after the redemption period, defendant agreed to accept payment. Plaintiff contends that a question of fact therefore exists whether defendant is contractually obligated to permit plaintiff to redeem the property. We disagree.

We review de novo the trial court's decision to grant or deny a motion for summary disposition. *Meemic Ins Co v Fortson*, 506 Mich 287, 296; 954 NW2d 115 (2020). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim, and is properly granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). When reviewing the trial court's decision to grant or deny summary disposition under MCR 2.116(C)(10), this Court considers the documentary evidence submitted by the parties in the light most favorable to the nonmoving party. *Id*. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might disagree. *Johnson v Vanderkooi*, 502 Mich 751, 761; 918 NW2d 785 (2018).

Plaintiff's quiet title action is based on the premise that it attempted to redeem the Gray Street property within the redemption period established by the district court's judgment of foreclosure, which ended on March 6, 2020. The Complaint alleges, in pertinent part:

7. The Defendant, Amy Lee, received a judgment of possession after Plaintiff forfeited on the Land Contract.

8. Plaintiff was entitled to a 90 day redemption period, as outlined in the Judgment.

9. Plaintiff attempted to redeem by providing Defendant with a check within this time period. See Exhibit B.

10. Defendant failed to accept Plaintiff's check written to redeem the property, in violation of MCL 565.360.

Defendant asserted that plaintiff did not attempt to redeem the property within the redemption period, and that despite sending photos of checks that ostensibly would redeem the properties from forfeiture if tendered, plaintiff never presented the checks to defendant. Defendant supported this argument, in part, with proof of an email exchange between defense counsel and plaintiff's then-counsel. In that email exchange, on March 6, 2020 at 5:59 p.m., the last day of the redemption period for the Gray Street property, plaintiff's counsel sent to defense counsel photocopies of checks and wrote:

My clients ha[ve] the money to redeem two of the properties today. Attached are the official checks. My client has been battling with the flu so that caused the delay.

_____

[1] Plaintiff's brief on appeal raises a challenge only regarding the Gray Street property, not the Wyoming Avenue property.

Please advise if we set a closing for next Wednesday or Friday afternoon around 3pm.

Defendant's counsel responded on March 6, 2020, at 6:35 p.m.:

What do you mean by closing? Do you mean paying off the LC balance?

Plaintiff's counsel responded on March 6, 2020, at 6:39 p.m.:

Yes and receiving the deed.

The transaction apparently never occurred, however, because on June 12, 2020, at 3:47 p.m., plaintiff's counsel wrote to defense counsel:

My client is willing to pay for the Wyoming & Gary [sic] propert[ies] within 30 days from today. When the pandemic hit my client was unsure of whether he could complete the transaction.

Please advise if that is acceptable to your client.

Defendant's counsel responded on June 12, 2020, at 4:09 p.m.:

Where are the Checks that our client was to receive?

Again, the transaction apparently did not occur, because on February 17, 2021, at 4:33 p.m., plaintiff's counsel wrote to defendant's counsel:

My client would like to still redeem the two properties. Please advise if your client is willing to do so. If she is, my client can pay off the properties in 30 days.

Please advise.

Defendant also supported her motion for summary disposition with the admissions that plaintiff made by failing to respond to defendant's requests for admissions. Defendant contended, in relevant part, that by failing to respond to the requests for admissions, plaintiff admitted that it defaulted on the land contract regarding the Gray Street property, and also that it had failed to cure the breach of contract by redeeming the property within the redemption period that ended March 6, 2020.

In its order granting defendant summary disposition regarding the Gray Street property, the circuit court reasoned:

Land Contract Forfeiture proceedings were commenced in the 36th District Court, resulting in entry of a Judgment of Possession after Land Contract Forfeiture on December 6, 2019. The Judgment of Possession included forfeiture of the subject property unless the sum of $16,273.27 was paid on or before March 6, 2020. Plaintiff never paid the amount, but filed this action on March 15, 2021, on the

grounds that Defendant refused to accept any funds and thereby unlawfully prevented Plaintiff from redeeming the property.

> In her motion for summary disposition, Defendant argues that Plaintiff has failed to establish a genuine issue of material fact with respect to whether it is entitled to equitable redemption of the property. In support of her position, Defendant cites emails between her attorney and Plaintiff's former counsel, in which Plaintiff's former counsel acknowledged that Plaintiff was unable to pay $16,273.27 on or before March 6, 2020. In addition, Defendant argues that Plaintiff admitted it never redeemed the property by failing to respond to Defendant's requests for admissions, which were then deemed admitted pursuant to MCR 2.312(B)(1).

> * * *

> In light of Plaintiff's admission there is no genuine issue of material fact with respect to plaintiff's failure to timely redeem the property, and it is hereby ordered that Defendant's motion for summary disposition is GRANTED, pursuant to MCR 2.116 (C)(10).

The circuit court made similar findings and conclusions regarding the Wyoming Avenue property. We conclude that the record supports the circuit court's orders granting defendant summary disposition. Contrary to plaintiff's assertion, there is no evidence that plaintiff tendered payment to defendant to redeem the properties within the redemption period. The emails demonstrate that plaintiff's counsel contacted defendant's counsel on March 6, 2020, the last day of the redemption period, suggesting a meeting the following week to convey the checks to defendant, after the close of the redemption period. The meeting apparently never occurred, and plaintiff does not contend that it ever tendered the payment to defendant. This is confirmed by the emails of June 12, 2020, and February 17, 2021, in which plaintiff's counsel each time offers that plaintiff could pay for the two properties either within 30 days or in 30 days. Defense counsel responded on June 12, 2020, asking where the checks are that plaintiff proposed to use to pay defendant.

Plaintiff relied on the affidavit of its former counsel to support its belated response to defendant's motion for summary disposition. The affidavit stated, in relevant part:

> 5. a. Prior to the redemption period ending she reached out to Opposing Counsel and tried to arrange to take the checks to redeem the subject properties.

> b. That there was no response from Opposing Counsel.

> c. After the redemption period ended, Opposing Counsel [] gave confirmation that he will still allow Paymaster to redeem the properties.

> d. However, after the redemption period ended Opposing Counsel would not accept the payments.

The affidavit does not establish that plaintiff tendered the payment to defendant during the redemption period; rather, the affidavit states that plaintiff's counsel "tried to arrange" to redeem the property.

In addition, the circuit court correctly found that plaintiff's failure to answer or otherwise respond to defendant's requests for admissions resulted in the matters that were the subject of the requests being deemed admitted. MCR 2.312(B)(1) provides, in relevant part:

> Each matter as to which a request is made is deemed admitted unless, within 28 days after service of the request, or within a shorter or longer time as the court may allow, the party to whom the request is directed serves on the party requesting the admission a written answer or objection addressed to the matter. . . .

In light of plaintiff's admissions and the email exchange between the parties' attorneys in which it is apparent that plaintiff did not tender payment within the redemption period, the circuit court correctly determined that there was no genuine issue of material fact on that issue. Plaintiff also failed to establish any question of fact that defendant had any obligation thereafter, contractual or otherwise, to permit plaintiff to redeem the properties, or that plaintiff ever actually attempted to tender payment to defendant at any time. The circuit court therefore did not err by granting defendant summary disposition.

Plaintiff also contends that the circuit court abused its discretion by denying its motion for reconsideration, arguing that the circuit court decided defendant's motion for summary disposition without the benefit of plaintiff's response to the motion. We disagree.

We review for an abuse of discretion a trial court's decision to grant or deny a motion for reconsideration. *Farm Bureau Ins Co v TNT Equip, Inc*, 328 Mich App 667, 672; 939 NW2d 738 (2019). A trial court abuses its discretion if it chooses an outcome outside the range of principled outcomes, or bases the exercise of its discretion on an error of law. *Int'l Outdoor, Inc v SS MITX, LLC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 359082); slip op at 3-4.

MCR 2.119(F)(3) provides that to prevail on a motion for reconsideration, "[t]he moving party must demonstrate a palpable error by which the court and the parties have been misled and show that different disposition of the motion must result from correction of the error." A trial court has broad discretion to grant or deny a motion for reconsideration. *Al-Maliki v LaGrant*, 286 Mich App 483, 486; 781 NW2d 853 (2009). A trial court may decline to grant a motion for reconsideration that merely restates the same issues already ruled on by the court. MCR 2.119(F)(3). Conversely, a trial court may decline to consider new legal theories or evidence that could have been presented when the underlying motion was decided initially. *Yoost v Caspari*, 295 Mich App 209, 220; 813 NW2d 783 (2012).

When ruling initially on defendant's motion for summary disposition in this case, the circuit court stated that it would not consider plaintiff's untimely answer to defendant's motion. Thereafter, however, when considering plaintiff's motion for reconsideration, the circuit court revisited the motion for summary disposition and specifically considered plaintiff's untimely answer. In its order denying plaintiff's motion for reconsideration, the circuit court stated:

This Court has reviewed and considered Plaintiff['s] untimely response to Defendant's motion for summary disposition. Even when considered in the light most favorable to Plaintiff, the non-moving party, the response does not establish a genuine issue of material fact. Therefore, the Court declines to reconsider its decision to grant summary disposition in favor of Defendant. . . .

Contrary to plaintiff's assertion on appeal, when deciding the motion for reconsideration the circuit court considered and rejected the argument raised in plaintiff's untimely response to defendant's motion for summary disposition. Plaintiff's argument on appeal that the circuit court failed to consider plaintiff's response when denying the motion for reconsideration therefore is without merit.

Affirmed.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ James Robert Redford