## BOULTON v FENTON TOWNSHIP

Docket No. 258094. Submitted May 2, 2006, at Detroit. Decided October 17, 2006, at 9:15 a.m.

Joseph L. Boulton brought an action against Fenton Township in the Genesee Circuit Court after being struck by a Fenton Township fire truck while attending to accident victims on a roadside during the course of his duties as a sheriff's deputy. The trial court, Judith A. Fullerton, J., initially denied both parties' motions for summary disposition, but after receiving the defendant's trial brief in which the defendant argued that it was statutorily protected from tort claims by police officers that arise from incidents within the normal, inherent, and foreseeable risks of their profession, the trial court sua sponte granted summary disposition in the defendant's favor. The plaintiff appealed.

The Court of Appeals *held*:

1. The plaintiff is barred from recovery against the defendant by MCL 600.2966, which grants immunity from tort liability to governmental units, agencies, officers, and employees for injuries to firefighters and police officers arising from the normal, inherent, and foreseeable risks of their professions.

2. The trial court properly granted summary disposition to the defendant, despite the fact that no such motion was before the court, under MCR 2.116(I)(1), which requires the trial court to render judgment without delay if a party is entitled to judgment as a matter of law. The plaintiff had an opportunity to present his position to the trial court in his motion for reconsideration, and the trial court evidently considered this position, given its lengthy opinion. In any event, any error resulting from the alleged failure to provide the plaintiff with an opportunity to present his position was harmless.

3. The statutory firefighters' rule does not violate the Title-Object Clause of the Michigan Constitution, Const 1963, art 4, § 24. The proscription on recovery by a well-defined group of potential plaintiffs is consistent with the purpose stated in the title of the act in which the challenged provisions appear, which purpose is to revise the statutes relating to the forms and attributes of civil claims and actions. Further, although the bill

introducing the firefighters' rule was amended before it was passed, the amendments were germane to the original bill's purpose.

4. The statutory firefighters' rule does not violate the equal protection clauses of the Michigan and the United States constitutions because there is a rational basis to treat differently, for liability purposes, those professionals who, by the very nature of their work, are more likely to come into contact with other governmental employees under circumstances that may result in injury.

Affirmed.

1. GOVERNMENTAL IMMUNITY — NEGLIGENCE — FIREFIGHTERS' RULE — POLICE OFFICERS.

Police officers who are injured by negligently operated government vehicles while working at roadside accident scenes are barred from recovering damages in tort because such injures arise from the normal, inherent, and foreseeable risks of their profession (MCL 600.2966).

2. CONSTITUTIONAL LAW — TITLE-OBJECT CLAUSE — FIREFIGHTERS' RULE — NOTICE.

The statutory firefighters' rule does not violate the Title-Object Clause of Michigan's Constitution because the proscription on recovery by a well-defined group of potential plaintiffs is consistent with the purpose stated in the title of the act in which the challenged provision appears (Const 1963, art 4, § 24; MCL 600.101; MCL 600.2966).

3. CONSTITUTIONAL LAW — TITLE-OBJECT CLAUSE — FIREFIGHTERS' RULE — CHANGE OF PURPOSE.

The statutory firefighters' rule does not violate the Title-Object Clause of Michigan's Constitution because the amendments of the original bill, which were ultimately enacted, were germane to the original bill's purpose (Const 1963, art 4, § 24; MCL 600.2966; MCL 600.2967).

4. CONSTITUTIONAL LAW — EQUAL PROTECTION CLAUSE — FIREFIGHTERS' RULE.

The statutory firefighters' rule does not violate the equal protection clauses of the Michigan and the United States constitutions because there is a rational basis to treat differently, for liability purposes, those professionals who, by the very nature of their work, are more likely to come into contact with other governmen-

tal employees under circumstances that may result in injury (US Const, Am XIV; Const 1963, art 1, § 2; MCL 600.2966).

*The Batey Law Firm, P.L.L.C.* (by *Scott P. Batey*), for the plaintiff.

*Law Offices of Bailey & Rossi, P.C.* (by *Gary A. Rossi* and *William L. Parker*), for the defendant.

Before: JANSEN, P.J., and NEFF and ZAHRA, JJ.

PER CURIAM. Plaintiff appeals as of right the trial court's order granting summary disposition. In this case, a sheriff's deputy was injured when he was struck by a government-owned vehicle as it arrived at the scene of a one-car accident. The primary issue is whether MCL 600.2966, the codified firefighters' rule, bars recovery when an injury occurs in the normal, inherent, and foreseeable performance of a police officer's duties and is caused by the negligent operation of a government vehicle. We hold that it does.

### I. BASIC FACTS AND PROCEDURE

Plaintiff is a Genesee County sheriff's deputy who was struck by a Fenton Township fire truck. In November 2002, plaintiff was called to the scene of a one-car accident at which he parked his vehicle on the right shoulder of the road and began attending to the victims. Plaintiff was struck by the fire truck as he was waiting by the open rear door on the driver's side of his vehicle while helping the victim and her friend get into the back seat. The fire truck was driven by an employee of the Fenton Township Fire Department. Plaintiff was seriously injured as a result of the negligent operation of the fire truck.

In April 2004, the parties moved for summary disposition, with plaintiff arguing that defendant was liable under the motor vehicle exception to governmental immunity, MCL 691.1405, and that there was no genuine issue of material fact regarding defendant's negligence. The trial court denied both parties' motions and set a trial date of June 22, 2004. On June 18, 2004, defendant filed its trial brief and argued, among other things, that it was protected by MCL 600.2966, which provides immunity to governmental defendants from tort claims by police officers and firefighters if the claim arises out of the "normal, inherent, and foreseeable risks" of a plaintiff's profession. In lieu of trial, the trial court issued a ruling granting, sua sponte, summary disposition for defendant.

## II. ANALYSIS

On appeal, plaintiff argues that the trial court erred in interpreting the relevant statutes and applying them in this case; that it abused its discretion by granting summary disposition without a proper motion before the court; and that MCL 600.2966 violates the Title-Object Clause of the Michigan Constitution and the equal protection clauses of both the state and federal constitutions. We disagree.

### A. FIREFIGHTER'S RULE BARS RECOVERY IN CLAIMS ARISING OUT OF GOVERNMENT NEGLIGENCE

A trial court's grant of summary disposition is reviewed de novo. *Glass v Goeckel*, 473 Mich 667, 676; 703 NW2d 58 (2005). Issues involving statutory interpretation are also subject to review de novo. *Wayne Co v Hathcock*, 471 Mich 445, 455; 684 NW2d 765 (2004). Whether certain qualitative facts support a legal conclusion and the viability of the conclusion itself present

a mixed question of law and fact. *Davidson v Baker-Vander Veen Constr Co*, 35 Mich App 293, 305; 192 NW2d 312 (1971).

In this case, liability arises, if at all, from the governmental tort liability act (GTLA), MCL 691.1401 *et seq.* That statute proscribes government liability for negligence with some exceptions. One of the exceptions is popularly known as the "motor vehicle" exception, MCL 691.1405, which reads: "Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner . . . ."

Fenton Township would normally be liable for damage or injury arising from the negligent operation of its fire truck, as allegedly happened here; however, plaintiff is a police officer whose injury occurred in the "normal, inherent, and foreseeable" course of performing his job, so he is precluded from pursuing a claim because of the codified "firefighters' rule."

The common-law firefighters' rule was first adopted in Michigan in *Kreski v Modern Wholesale Electric Supply Co*, 429 Mich 347; 415 NW2d 178 (1987). The rule generally stated that "a fire fighter or police officer may not recover damages from a private party for *negligence* in the creation of the reason for the safety officer's presence." *Id.* at 358 (emphasis added).

The Legislature codified the rule by enacting 1998 PA 389, MCL 600.2965 to 600.2967, effective November 30, 1998. MCL 600.2965 abrogates the common-law rule. MCL 600.2967 provides in pertinent part:

(1) *Except as provided in section 2966*, a firefighter or police officer who seeks to recover damages for injury or death arising from the normal, inherent, and foreseeable risks of his or her profession while acting in his or her

official capacity must prove that 1 or more of the following circumstances are present . . . . [Emphasis added.]

The remainder of the provision prescribes the circumstances under which a firefighter or police officer may recover. As indicated in the emphasized language at the beginning of MCL 600.2967(1), recovery is then limited by MCL 600.2966, which states:

> The state, a political subdivision of this state, or a governmental agency, governmental officer or employee, volunteer acting on behalf of a government, and member of a governmentally created board, council, commission, or task force are *immune from tort liability for an injury to a firefighter or police officer that arises from the normal, inherent, and foreseeable risks of the firefighter's or police officer's profession.* . . . [Emphasis added.]

Defendant, as a government agency, and plaintiff, as a police officer, both fall within the limiting language of § 2966. We also note that the limiting provision bars recovery against government agencies for injuries arising from *all* torts, not just negligence.[1] Thus limited, the only inquiry is whether plaintiff's injury arose from a normal, inherent, and foreseeable risk of his profession.

We conclude that being struck by a motor vehicle while at the scene of an accident is a normal, inherent, and foreseeable risk of the police officer's profession; however, because defendant here is a government agency, and not a private citizen, plaintiff is barred from recovery under a plain reading of § 2966.

### B. SUMMARY DISPOSITION WITHOUT MOTION

Because we conclude that the injury plaintiff suffered arose out of a normal, inherent, and foreseeable risk of

---

[1] For example, police officers and firefighters are even barred from recovery if injured by the intentional acts of a government employee.

his occupation as a police officer, and that recovery against defendant is barred by § 2966, we hold that the trial court's grant, sua sponte, of summary disposition was proper.

Plaintiff argues on appeal that the trial court did not have the authority to grant defendant summary disposition because there was no summary disposition motion before the trial court. MCR 2.116(I)(1) provides: "If the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact, the court shall render judgment without delay." When interpreting a court rule, we apply the same principles that govern statutory interpretation. *In re KH*, 469 Mich 621, 628; 677 NW2d 800 (2004). The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Neal v Wilkes*, 470 Mich 661, 665; 685 NW2d 648 (2004). The first criterion in determining intent is the language itself. *Halloran v Bhan*, 470 Mich 572, 577; 683 NW2d 129 (2004). Nothing will be read into a clear statute that is not within the manifest intention of the Legislature as derived from the language of the statute itself. *Omne Financial, Inc v Shacks, Inc*, 460 Mich 305, 311; 596 NW2d 591 (1999).

The rule in question is one of summary disposition; its various subparts allow for disposition at any time, including to a nonmoving party, if the court determines that sufficient facts exist to render judgment. The rule does not expressly require a motion under MCR 2.116(C)[2] in order to grant summary disposition; nor does the rule in question expressly forbid summary disposition absent a motion under MCR 2.116(C). In-

---

[2] The motions before the tribunal were to substitute the respondent and to file an amended petition.

deed, the rule mandates that if one of two conditions is met, then the court "shall render judgment without delay." These conditions are: the "pleadings show that a party is entitled to judgment as a matter of law" and "the affidavits or other proofs show that there is no genuine issue of material fact."

In *Hover v Chrysler Corp*, 209 Mich App 314, 317; 530 NW2d 96 (1995), we determined that the court's sua sponte grant of summary disposition based on the statute of limitations was proper under MCR 2.116(I). In this case, defendant was owed "judgment without delay" once the court determined that the firefighters' rule barred plaintiff's recovery, even when the harm was caused by the negligent operation of a government vehicle.

Plaintiff also argues that the trial court erred in granting defendant summary disposition without providing him an adequate opportunity to brief the issue and present his position to the trial court, relying on *Boje v Wayne Co Gen Hosp*, 157 Mich App 700; 403 NW2d 203 (1987). We determine this specific argument to be moot and we will not address it because we conclude that error, if any, was harmless under MCR 2.613(A).[3] In any event, after the trial court granted defendant summary disposition, plaintiff filed a motion for reconsideration in which he fully briefed and presented his arguments regarding the trial court's au-

---

[3] MCR 2.613(A) provides:

An error in the admission or the exclusion of evidence, an error in a ruling or order, or an error or defect in anything done or omitted by the court or by the parties is not ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice.

thority to enter judgment, the applicability of MCL 600.2966, and the constitutionality of MCL 600.2966. The trial court's lengthy opinion indicates that it carefully reviewed plaintiff's arguments and considered them. Therefore, because plaintiff was ultimately given the opportunity of a full hearing, it is not inconsistent with substantial justice to allow the trial court's ruling to stand.

### C. THE STATUTES DO NOT VIOLATE THE TITLE-OBJECT CLAUSE OF MICHIGAN'S CONSTITUTION

Whether a statute violates the Title-Object Clause is subject to review de novo on appeal. *Phinney v Perlmutter,* 222 Mich App 513, 552; 564 NW2d 532 (1997).

The Title-Object Clause of the Michigan Constitution provides: "No law shall embrace more than one object, which shall be expressed in its title. No bill shall be altered or amended on its passage through either house so as to change its original purpose as determined by its total content and not alone by its title." Const 1963, art 4, § 24.

In determining the constitutionality of a statute, all possible presumptions in favor of constitutionality should be granted. *Pohutski v City of Allen Park,* 465 Mich 675, 690; 641 NW2d 219 (2002). The Title-Object Clause serves four purposes: (1) to prevent the Legislature from passing laws not fully understood; (2) to fairly notify the Legislature of a proposed statute's design and purpose; (3) to aid the Legislature and the public in understanding that only subjects germane to the title are included in the legislation; and (4) to curtail "logrolling" by preventing bringing into one bill diverse subjects not expressed in its title. *Newsome v Bd of State Canvassers,* 69 Mich App 725, 739; 245 NW2d 374 (1976). The validity of an act may be challenged on

three grounds: (1) that the title of the act does not express the object of the act; (2) that the act has multiple objects; and (3) that the act changed purpose during its passage. *Wayne Co Bd of Comm'rs v Wayne Co Airport Auth,* 253 Mich App 144, 185; 658 NW2d 804 (2002). Plaintiff challenges the validity of MCL 600.2966 under the first and third grounds.

The title of the Revised Judicature Act, MCL 600.101 *et seq.,* reads:

> An act to revise and consolidate the statutes relating to the organization and jurisdiction of the courts of this state; the powers and duties of such courts, and of the judges and other officers thereof; *the forms and attributes of civil claims and actions*; the time within which civil actions and proceedings may be brought in said courts; pleading, evidence, practice and procedure in civil and criminal actions and proceedings in said courts; to provide remedies and penalties for the violation of certain provisions of this act; to repeal all acts and parts of acts inconsistent with or contravening any of the provisions of this act; and to repeal acts and parts of acts. [Emphasis added.]

We find plaintiff's first argument unpersuasive. As we recognized in *People v Cynar,* 252 Mich App 82; 651 NW2d 136 (2002): " '[T]he title of an act need not be an index to all the provisions of the act' " *Id.* at 84, quoting *HJ Tucker & Assoc, Inc v Allied Chucker & Engineering Co,* 234 Mich App 550, 559; 595 NW2d 176 (1999). Rather, a court must look at " 'whether the title gives fair notice to the legislators and the public of the challenged provision.' " *Id.* at 84-85. Fair notice is violated only " ' "where the subjects are so diverse in nature that they have no necessary connection." ' " *Id.* at 85, quoting *Tucker, supra* at 559, quoting *Mooahesh v Dep't of Treasury,* 195 Mich App 551, 569; 492 NW2d 246 (1992).

The challenged statute, MCL 600.2966, involves an "attribute" of a civil action, i.e., a proscription on recovery by a well-defined group of would-be plaintiffs. As such, it is not "so diverse in nature" as to have no connection. Indeed, a statutory grant of immunity is entirely consistent with an enumeration of the attributes of civil actions.

Plaintiff next argues that MCL 600.2966 and MCL 600.2967 are unconstitutional because the original house bill was amended so that its original purpose was changed in violation of the second sentence of Const 1963, art 4, § 24. A determination whether an amendment or substitute act changed the original purpose depends on whether the subject matter of the amendment or substitute was germane to the original purpose. *Cynar, supra* at 86. "The test of germaneness is much like the standard for determining whether a bill is limited to a single object." *People v Kevorkian*, 447 Mich 436, 461; 527 NW2d 714 (1994).

The original bill as introduced in the House on January 8, 1997, proposed a statute to amend the RJA that provided: "The common law doctrine that precludes a fire fighter or police officer from recovering damages for injuries arising from the normal, inherent, and foreseeable risks of his or her profession is abolished." 1997 HB 4044. Plaintiff argues that because the purpose of the bill was only to abolish the common-law rule, MCL 600.2965 is constitutional, while MCL 600.2966 and MCL 600.2967 are not. We disagree. The subsequent amendments of HB 4044 were germane to the original bill's purpose; that is, the amendments were not so diverse from the original purpose as to have no necessary connection to it. The original version sought to abolish the common-law firefighter's rule so as to give firefighters and police officers a greater ability

to recover for injuries caused by another's negligence. The amendments simply prescribed the circumstances under which a firefighter or police officer could recover. " 'Where . . . the changes fall within the general purpose of the original bill, or are extensions of it, the Court has termed them germane.' " *Anderson v Oakland Co Clerk*, 419 Mich 313, 328; 353 NW2d 448 (1984), quoting *United States Gypsum Co v Dep't of Revenue*, 363 Mich 548, 554; 110 NW2d 698 (1961).

For those reasons, we find that MCL 600.2966 and MCL 600.2967 do not violate the Title-Object Clause of Michigan's Constitution.

### D. MCL 600.2966 DOES NOT VIOLATE EITHER THE UNITED STATES CONSTITUTION OR THE MICHIGAN CONSTITUTION

Plaintiff argues that MCL 600.2966 violates equal protection principles. Michigan's Equal Protection Clause provides, in pertinent part, "No person shall be denied the equal protection of the laws . . . ." Const 1963, art 1, § 2. This clause is interpreted "to offer similar protection as the wording of the parallel clause in the United States Constitution." *Vargo v Sauer*, 457 Mich 49, 60; 576 NW2d 656 (1998). The parties agree that the test of constitutionality for MCL 600.2966 under the Equal Protection Clause is the rational basis test. Under the rational basis test, a statute is constitutional if it furthers a legitimate governmental interest and if the challenged classification is rationally related to achieving that interest. *Id.* The legislation is presumed to be constitutional, and is valid if any state of facts known or reasonably assumed supports it. *Id.* at 61.

It is well established that governmental immunity from tort liability furthers a legitimate governmental interest. See, e.g., *Duncan v Detroit*, 78 Mich App 632,

634; 261 NW2d 26 (1977); and *White v Detroit*, 74 Mich App 545, 547; 254 NW2d 572 (1977). Plaintiff's argument focuses on the disparate treatment of firefighters and police officers. Plaintiff asserts that there is no rational reason that they should not be able to recover under MCL 691.1405, a right enjoyed by all other persons. Plaintiff also asserts that there is no rational reason to deny them a right to recover for injuries caused by the negligence of a governmental entity or its agent while other governmental employees enjoy this right.

In addressing this point, we return to the original public policy reasons offered by our Supreme Court when it adopted the common-law rule. The Court specifically addressed the concern regarding disparate treatment.

> Other occupations involve risk, but no court has adopted a rule of nonliability for injuries arising out of the inherent dangers of those occupations. The Court of Appeals stated [in this case], therefore, that "adoption of the fireman's rule would make firefighters second-class citizens with fewer rights than those enjoyed by other employees."
>
> What this argument fails to take into account is the fundamental difference between the function of safety officers and that of other occupations peripherally involving danger. The very nature of police work and fire fighting is to confront danger. . . .
>
> * * *
>
> In sum, fire fighters and police officers are different than other employees whose occupations may peripherally involve hazards. Safety officers are employed, specially trained, and paid to confront dangerous situations for the protection of society. They enter their professions with the certain knowledge that their personal safety is at risk while on duty. [*Kreski, supra* at 367, 371-372.]

Given the nature of their work, police officers and firefighters come into contact with other governmental employees under circumstances likely to result in injury much more often than people in other professions. Moreover, the immunity granted in MCL 600.2966 is limited to those injuries that arise as a result of normal, inherent, and foreseeable risks of the firefighters' and police officers' professions. It does not prohibit recovery against a governmental entity for injuries that are not part of the risks encountered in providing public safety. As such, MCL 600.2966 is rationally related to a legitimate governmental interest and does not violate the Equal Protection Clause.

Affirmed.