# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* CALLEEN ANN BERNDT LIVING TRUST.

---

SALLY A. NOERR ROGERS,

      Appellant,

v

RICHARD R. BERNDT,

      Appellee.

UNPUBLISHED
November 20, 2018

No. 341103
Oakland Probate Court
LC No. 2016-374182-TV

---

Before: M. J. KELLY, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Appellant, Sally Noerr Rogers, appeals as of right the trial court's order denying her motion to reinstate an action allowing for court supervision of the Calleen Ann Berndt Living Trust (the Trust). For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

Calleen Berndt died in August 2016. She was survived by her daughter, Noerr Rogers, and by her second husband, appellee Richard Berndt. It is undisputed that, pursuant to the terms of her will and the Trust, Calleen's personal property was Trust property that was to be distributed to Noerr Rogers.

In December 2016, Noerr Rogers filed a petition for limited trust supervision over the Trust. In the petition, she sought court approval or orders relating to a number of different things, most of which have been resolved and are not relevant to the matter raised on appeal. First, she sought the correction of a scrivener's error in the trust agreement. Next, she asked the court to accept the resignation of Berndt, as the successor trustee, the removal of Comerica Bank as a successor trustee, and the ratification of John Leroy as a successor trustee. In addition, Noerr Rogers requested the court order Berndt to complete, file, and serve a first and final accounting. Finally, relevant to the instant appeal, Noerr Rogers sought a court order prohibiting Berndt from disposing, damaging, removing, or otherwise interfering with Calleen's personal property, and she requested the court grant her and Leroy immediate access to Berndt's homes in

-1-

Michigan and Florida so that she could inventory and remove Calleen's personal property from the homes.

Following a hearing on the petition, the probate court entered an order proclaiming that the Trust shall be supervised, accepting Berndt's resignation, appointing Leroy as the successor trustee, ordering Berndt to prepare a final accounting within 45 days, and ordering Berndt to not dispose of or dissipate any tangible personal property within his possession or control that belonged to Calleen. Subsequently, on June 13, 2017, the trial court entered a stipulated order allowing the first and final accounting and providing that Berndt was discharged and released from liability as a fiduciary under the Trust. The order further provided that "[t]his is a final order and closes the case, subject to reopening on the motion* of either party if a settlement on personal property is not reached." The asterisk corresponds to a note at the bottom of the order stating, "For good cause shown." Before accepting the order, the court asked the parties to explain, on the record, what the term "good cause" meant in the order, but no definitive definition was provided by either party. Still, based on our review of the record, it is plain that the parties were working toward an agreement whereby Noerr Rogers would be allowed to conduct a walkthrough of Berndt's Michigan home so that she could determine whether any items of Calleen's personal property remained in the home. However, after the stipulated order dismissing the case was signed, Berndt announced that he would not, under any circumstances, permit Noerr Rogers into the home, and he stated that there was no property in the home that belonged to Noerr Rogers.

On August 28, 2017, Noerr Rogers filed a petition to reinstate the case and for the appointment of a mediator. She asserted that there was good cause to reinstate the case because:

a. Counsel for Mr. Berndt acquiesced in the representations made to the Court that a walk-through would take place subject only to resolving minor details as to how the walk-through would take place. Counsel never denied at the hearing having the authority to agree to the walk-through and further discussion of property issues;

b. The statements made on the record at the hearing were reasonably relied upon by Ms. Noerr Rogers in making her decision to allow dismissal of the proceedings;

c. Mr. Berndt has refused to authorize the walk-through or continued negotiations with respect to the disputed property;

d. Given the unequivocal nature of the July 27, 2017 letter (**Exhibit 4**) from Mr. Berndt's counsel, it appears entirely unlikely that the walk-through and

good faith efforts to resolve the personal property issues will occur absent reinstatement of the case and appropriate orders by the Court.[1]

She stated, generally, that various items of Calleen's personal property identified in an appraisal conducted after her death had not been turned over. In her request for relief, Noerr Rogers requested that the court reinstate the case, appoint a mediator or (if Berndt agreed) an arbitrator, and charge the mediator/arbitrator with resolving the disputes relating to the walkthrough of the home.

In response, Berndt asserted that there had been no agreement to a walkthrough as the parties were only working on such an agreement. He also noted Noerr Rogers's failure to detail the items of personal property belonging to Calleen that she believed she was entitled to receive. Noerr Rogers filed a reply, but did not specifically identify any items she believed would be located in the home following a walkthrough nor did she explain which items of personal property that she believed had not been turned over to her.

Following a hearing on the motion to reinstate, the court directed the parties to address whether it even had the authority to order a walkthrough inspection of Berndt's home. In her supplemental brief, Noerr Rogers presented documentary evidence regarding the specific items of personal property that she sought. In an affidavit, Noerr Rogers averred that she had yet to receive a Royal Doulton china statue, crystal stemware, blue flower decorative wine glasses, a set of sterling silver silverware, a Samsonite card table and chairs, various financial, medical, and legal documents, items belonging to her deceased family members (including photographs), a cookbook with family recipes, Calleen's address book, and wedding gifts from Calleen's first marriage. She also submitted a letter her lawyer sent to Berndt's lawyer which had an attached list of items that Noerr Rogers was seeking to recover. Also submitted was a letter from Berndt's lawyer stating that, with a few exceptions, all items identified in the list were distributed to Noerr Rogers on December 3, 2016, were scheduled for removal on May 1, 2017, were unknown to Berndt, or were disposed of prior to Calleen's death.

On November 1, 2017, the court continued the hearing on the petition to reinstate. At that hearing the court sua sponte determined that Noerr Rogers could not prosecute the action to reinstate because the trustee, not Noerr Rogers, was the real party in interest to the dispute. Alternatively, the court stated that it did not find good cause to reinstate the case. Accordingly, the court denied the motion to reinstate. This appeal follows.

---

[1] The letter provided that Berndt would not allow Noerr Rogers to walkthrough his Michigan home, but he would ship any items of personal property in the Florida home to Noerr Rogers at his expense.

## II. REAL PARTY IN INTEREST

### A. STANDARD OF REVIEW

Noerr Rogers argues that the trial court erred by denying her motion to reinstate on the basis that Noerr Rogers lacked standing because she was not a real party in interest. "Whether an individual is the real party in interest is a question of law that we review de novo." *In re Rottenberg Living Trust*, 300 Mich App 339, 354; 833 NW2d 384 (2013). Noerr Rogers also contends that by sua sponte addressing the issue of whether she was the real party in interest the trial court denied her procedural due process. We review de novo claims that a party has been denied due process. *In re TK*, 306 Mich App 698, 703; 859 NW2d 208 (2014).

### B. ANALYSIS

Due process is "a flexible concept, the essence of which requires fundamental fairness." *Al-Maliki v LaGrant*, 286 Mich App 483, 485; 781 NW2d 853 (2009). "The basic requirements of due process in a civil case include notice of the proceeding and a meaningful opportunity to be heard." *Id*. When a party is adversely affected by a trial court's grant of summary disposition without an opportunity to brief the issue and present an argument to the court, a violation of that party's right to procedural due process has occurred. See *id*. at 486. Nonetheless, such an error may be harmless. *Boulton v Fenton Twp*, 272 Mich App 456, 463-464; 726 NW2d 733 (2006). MCR 2.613(A) provides:

> An error in the admission or the exclusion of evidence, an error or defect in anything done or omitted by the court or by the parties is not ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial judgment.

In this case, the issue is a question of law for which the necessary facts have been presented. Further, our review of the issue is de novo. Thus, although Noerr Rogers was not given an opportunity to argue in the lower court that she is, in fact, the proper party to prosecute the action, she was able to fully argue the merits of her position in her appellate brief. Accordingly, as Noerr Rogers has had the opportunity to meaningfully address the issue, we conclude that any error is harmless.

Turning to the merits of issue, Noerr Rogers contends that, as a trust beneficiary, she has standing to invoke the probate court's jurisdiction for the administration of the trust. The probate court, however, did not hold that Noerr Rogers lacked standing to move to reinstate the action. It held that she was not the real party in interest. In *In re Rottenberg Living Trust*, 300 Mich App at 355-356, this Court explained:

> [A]lthough the principle of statutory standing overlaps significantly with the real-party-in-interest rule, they are distinct concepts. The principle of statutory standing is jurisdictional; if a party lacks statutory standing, then the court generally lacks jurisdiction to entertain the proceeding or reach the merits. In contrast, the real-party-in-interest rule is essentially a prudential limitation on a litigant's ability to raise the legal rights of another.

A real party in interest is one who is vested with the right of action on a given claim, although the beneficial interest may be in another. The real-party-in-interest rule requires that the claim be prosecuted by the party who by the substantive law in question owns the claim asserted. [quotation marks, citations, and alterations omitted.]

In that case, this Court held that with regard to the marshalling and collecting of trust property, the trustee, not a trust beneficiary, was the real party in interest. *Id*. at 356, citing MCL 700.7813(1).[2] Here, Noerr Rogers sought reinstatement of the action so that she could conduct a walkthrough of Berndt's Michigan house to identify any personal property belonging to the Trust that still remained in Berndt's possession. Moreover, her brief, reply brief, and supplemental brief all clearly set forth that the parties dispute revolves solely around Calleen's personal property, with Noerr Rogers contending it has not all been distributed to her and Berndt claiming that everything he was required to give to Noerr Rogers has been given to her. Thus, at its heart this case involves Noerr Rogers's attempts to marshal the Trust property that she believed had yet to be turned over. Because the real party in interest to that claim is the trustee, not Noerr Rogers, the trial court properly denied her motion to reinstate.[3]

Given our resolution of this issue, we decline to address whether the trial court abused its discretion by alternatively finding that there was not good cause to reinstate the action.

Affirmed.

/s/ Michael J. Kelly
/s/ David H. Sawyer
/s/ Jane E. Markey

---

[2] MCL 700.7813(1) provides, "A trustee shall take reasonable steps to locate trust property and compel a former trustee or other person to deliver trust property to the trustee."

[3] On appeal, Noerr Rogers argues that the proceedings before the probate court did not *currently* involve the marshalling or collection of personal property belonging to the Trust. Instead, she asserts that the current proceedings were limited solely to whether there was good cause to reinstate the action, with any disputes over the marshalling and collection of the property to be resolved by the court in the future, if necessary. Such a distinction, however, is without meaning. Ultimately, Noerr Rogers seeks the distribution of personal property that she contends belongs to the Trust and has not been turned over.

Noerr Rogers also suggests that because she was previously allowed to petition for supervision of the Trust, she be allowed to have the action reinstated so long as she establishes good cause to do so. Yet, the initial petition sought relief on various matters, some of which had nothing to do with the collection and distribution of personal property, such as the reformation of the trust agreement, the request for a first and final accounting, the resignation of Berndt as successor trustee, and the appointment of Leroy as the new successor trustee. As a result, her petition was, in fact, proper at that time, notwithstanding the fact that she is not a real party in interest to the present dispute.