*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BANK OF AMERICA,

        Plaintiff,

and

BAYVIEW LOAN SERVICING LLC, successor
by assignment to BANK OF AMERICA, N.A.,

        Plaintiff-Appellant,

v

DENNIS POWERS, KLA DEVELOPMENT,
INC., and FIRST MERIT BANK, N.A.,

        Defendants,

and

JEANETTE M. POWERS,

        Defendant-Appellee.

UNPUBLISHED
March 12, 2019

No. 342548
Washtenaw Circuit Court
LC No. 14-000356-CH

Before: METER, P.J., and SERVITTO and REDFORD, JJ.

PER CURIAM.

In this dispute regarding a mortgage foreclosure, plaintiff Bayview Loan Servicing, LLC, as successor by assignment to Bank of America, N.A., appeals by right from an order granting summary disposition in favor of defendant Jeanette Powers under MCR 2.116(C)(10). We affirm.

## I. BACKGROUND

In 1998, defendant purchased the residential property at issue with a loan that was secured by a mortgage later assigned to Bank of America. Defendant defaulted on the loan in September 2013, and Bank of America initiated this case, seeking foreclosure of the mortgage in

April 2014. The trial court entered a default judgment of foreclosure in October 2014, which defendant did not appeal.

In May 2015, Bank of America and defendant entered into an agreement (the Trial Plan), temporarily modifying the loan. Bank of America agreed to not proceed with a foreclosure sale if defendant made payments of $1,382.62 for three months. In return, defendant would be entitled to receive a permanent loan modification. Defendant proceeded to timely remit each of the three scheduled payments to Bank of America, entitling her to permanent modification of the loan. Therefore, because of plaintiff's compliance with the Trial Plan, Bank of America cancelled its scheduled foreclosure sale. Bank of America then assigned the mortgage to plaintiff, which reviewed defendant for a loan modification. The permanent loan modification was dependent upon a commitment for title insurance on the property. The commitment raised two federal tax liens in the name of defendant's husband as exceptions to the commitment for title insurance.

Taking exception to these liens, plaintiff denied the loan modification and scheduled a foreclosure sale for December 2016. Before the scheduled sale, however, defendant obtained a temporary restraining order from the trial court. Plaintiff then voluntarily adjourned the sale to allow defendant time to resolve the federal tax liens. The sale was later rescheduled, before which defendant obtained a second temporary restraining order.

The Internal Revenue Service eventually confirmed that the two federal tax liens did not attach to the property. Plaintiff, however, filed a motion to dissolve the second TRO, arguing that the trial court did not have authority to issue it in the first place. Defendant then filed a motion for summary disposition requesting reinstatement of the trial plan and preventing plaintiff from proceeding with a foreclosure sale pursuant to the terms of the trial plan. Plaintiff failed to appear at the hearing on the motion for summary disposition, and the trial court entered a judgment in favor of defendant in December 2017. Plaintiff then filed a motion for reconsideration, which the trial court denied. This appeal followed.

## II. ANALYSIS

Plaintiff raises several issues on appeal. Plaintiff's primary argument is that the trial court improperly dismissed its complaint because the trial court did not have the authority to modify the original loan agreement or to *sua sponte* grant summary disposition in defendant's favor. We disagree.

MCR 2.116(I) allows a trial court to *sua sponte* grant summary disposition when there is no genuine issue of material fact and the pleadings show that a party is entitled to judgment as a matter of law. See *Al-Maliki v LaGrant*, 286 Mich App 483, 485; 781 NW2d 853 (2009). "The rule does not expressly require a motion under MCR 2.116(C) in order to grant summary disposition; nor does the rule in question expressly forbid summary disposition absent a motion under MCR 2.116(C)." *Boulton v Fenton Twp*, 272 Mich App 456, 462; 726 NW2d 733 (2006). A trial court may relieve a party from a final judgment on the ground that "it is no longer equitable that the judgment should have prospective application" or for any "other reason justifying relief from the operation of the judgment." MCR 2.612(C)(1)(e), (f).

Following the judgment of foreclosure, plaintiff's predecessor in interest entered into an agreement (the Trial Plan) with defendant to permanently modify the loan, provided that defendant made three timely payments of an adjustment amount, which she did. This permanent modification was also contingent upon a commitment for title insurance on the property and the only issue with the commitment was two federal tax liens in defendant's husband's name. The Internal Revenue Service confirmed that each lien did not attach to the subject property, meaning that there was no obstacle to the commitment for title insurance. Accordingly, there is no question that plaintiff was entitled to a permanent loan modification under the Trial Plan. In turn, this entitlement to a loan modification justified relief from the judgment of foreclosure. Accordingly, the trial court properly granted summary disposition to defendant, relieving her of the prior judgment of foreclosure. MCR 2.116(C)(10), (I); MCR 2.612(C)(1)(e), (f).

Plaintiff raises several additional arguments on appeal that we need not address in any detail. First, plaintiff argues that the trial court improperly granted the two temporary restraining orders. Plaintiff's challenge to the enforceability of the temporary restraining orders is moot because those orders are no longer in effect. See *Acorn Bldg Components, Inc v UAW Local 2194*, 164 Mich App 358, 363; 416 NW2d 442 (1987). On appeal, plaintiff has not shown that these expired orders continue to affect it in a way that has any practical legal effect on the controversy at issue. See *People v Richmond*, 486 Mich 29, 34-35; 782 NW2d 187 (2010). Accordingly, we decline to address plaintiff's challenge to the two temporary restraining orders.

Next, plaintiff argues that the trial court erred by "refusing" to rule on defendant's show-cause motion for a preliminary injunction. "The objective of a preliminary injunction is to maintain the status quo pending a final hearing regarding the parties' rights." *Alliance for Mentally Ill of Mich* v *Dep't of Community Health*, 231 Mich App 647, 655-656; 588 NW2d 133 (1998). Thus, the trial court's grant of summary disposition in defendant's favor—which we now affirm on appeal—renders moot any dispute over the appropriateness of a preliminary injunction. *Id*. at 656.

Finally, plaintiff argues that the trial court erred by denying its motion for reconsideration. Plaintiff, however, has abandoned this issue by failing to address it substantively in its appellate brief. *Riemer v Johnson*, 311 Mich App 632, 653; 876 NW2d 279 (2015). In any event, our conclusion that the trial court properly granted summary disposition to defendant precludes plaintiff from establishing that "the trial court made a palpable error and a different disposition would result from correction of the error." *Huntington Nat'l Bank v Daniel J Aronoff Living Trust*, 305 Mich App 496, 516; 853 NW2d 481 (2014).

Affirmed.

/s/ Patrick M. Meter
/s/ Deborah A. Servitto
/s/ James Robert Redford

-3-