*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

OPTIM CARE CENTER,

      Plaintiff-Appellee,

v

USA UNDERWRITERS,

      Defendant-Appellant.

UNPUBLISHED
August 22, 2024

No. 366058
Wayne Circuit Court
LC No. 21-014071-NF

Before: O'BRIEN, P.J., and CAVANAGH and SHAPIRO*, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's order granting in part and denying in part its motion for summary disposition in this no-fault action. We affirm in part, vacate in part, and remand for further proceedings.

## I. BACKGROUND

On March 18, 2021, James Shannon was involved in an automobile accident. On the same day, Shannon applied for no-fault vehicle insurance through defendant, and defendant issued Shannon a six-month policy. From March 22, 2021 through August 9, 2021, plaintiff provided Shannon medical care for injuries he sustained in the March 18 accident. Plaintiff provided approximately $31,675 in services to Shannon.

As part of his application for insurance, Shannon represented that his driver's license had not been suspended during the preceding three years. Defendant later discovered that this was untrue. Consequently, on July 16, 2021, defendant informed Shannon that it intended to rescind and void his insurance policy as of its inception date. Along with the letter, defendant attached a

---

[1] See *Optim Care Ctr v USA Underwriters*, unpublished order of the Court of Appeals, entered September 1, 2023 (Docket No. 366058).

---

*Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

check returning the premium Shannon had paid for the policy. On the last day Shannon received treatment from plaintiff—August 9, 2021—he cashed the refund check.

Several months later, on October 14, 2021, plaintiff filed this action seeking no-fault benefits from defendant pursuant to Shannon's policy. Defendant moved for summary disposition, arguing that any claim by Shannon was barred by fraud, and because plaintiff's claim was derivative of Shannon's, plaintiff's claim was also barred. In response, plaintiff argued that its claim was not derivative of Shannon's and that it was an innocent third party. This meant, according to plaintiff, that Shannon's policy was not automatically rescinded as to plaintiff due to Shannon's fraud; rather, a court had to weigh the equities to determine whether rescinding Shannon's policy with respect to plaintiff, an innocent third party, was equitable. In reply, defendant reiterated its argument that plaintiff's claim was derivative of Shannon's and that, because Shannon's claim was barred due to fraud, plaintiff's claim was also barred.

At the hearing on defendant's motion, defendant argued consistent with its briefing that plaintiff's recovery was barred because it "stands in the shoes of" Shannon, whose claim was barred due to fraud. Plaintiff argued consistent with its brief that it was an innocent third party, and that rescission with respect to an innocent third party was only proper after balancing the equities. It also argued, for the first time, that the equities "weigh heavily" in its favor, though it did not provide any analysis to support this assertion.

After listening to the parties' arguments, the trial court agreed with plaintiff that it was an innocent third party, so "it's appropriate to consider a balancing of the equities, with respect to this third party provider." The court recognized that both sides "failed to analyze the equity factors," but it decided to do so sua sponte. It found that defendant could have discovered Shannon's fraud, which weighed against rescission; that plaintiff did not have knowledge of the fraud and that plaintiff did not contribute "to the injury causing event," but the court did not say whether or to what extent these factors weighed against rescission; that plaintiff may be able to recover against Shannon though "that is likely not a viable option," but the court again did not clarify whether this weighed for or against rescission; and that enforcing the policy against defendant would have the effect of relieving Shannon of personal liability for his fraud, which weighed in favor of rescission. The court summarized, "Notwithstanding that final factor, it is clear that a balancing of the equities requires a finding that Plaintiff is an innocent third party, in this matter, such that the recision [sic] of Mr. Shannon's policy, as to Mr. Shannon, should not preclude Plaintiff's entitlement to recovery."

Defendant filed a motion for reconsideration in which it reiterated its argument that, because plaintiff stood in Shannon's shoes, and because Shannon's claim was barred due fraud, plaintiff's claims should also be barred. The court denied this motion, restating its belief that "it was appropriate to consider a balancing of the equities with respect to Plaintiff who is a third party provider in relation to the subject party." The court then explained why it also believed that, balancing the equities, defendant's policy with Shannon should not be rescinded as to plaintiff:

> [The equities in] this case clearly weigh[] more in Plaintiff's favor as an innocent
> third party provider because 1) Defendant could have obtained information
> indicating that Mr. Shannon had committed fraud in procuring the subject policy
> such that equity weighs against rescission as it applies to Plaintiff herein, 2) there

has been no indication that Plaintiff possessed any knowledge of the fraud based on some specific relationship between Plaintiff and Mr. Shannon, 3) there is no evidence that Plaintiff engaged in any conduct that contributed to the injury causing event, and, 4) while Plaintiff may possess an alternative avenue of recovery by their ability to pursue Mr. Shannon directly for payment, that is likely not a viable option. The fifth factor of the analysis, however, likely does weigh in Defendant's favor as enforcement of the policy will have the effect of relieving the fraudulent insured, i.e., Mr. Shannon, of what would otherwise be his personal liability with respect to Plaintiff[']s outstanding bills. Notwithstanding that final factor, this Court found that it was clear that a balancing of the equities required a finding that Plaintiff is an innocent third party in this matter such that the rescission of Mr. Shannon's policy as to Mr. Shannon should not preclude Plaintiffs entitlement to recovery under that policy.

This appeal followed.

## II. STANDARD OF REVIEW

A trial court's ruling on a motion for summary disposition is reviewed de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Defendant moved for summary disposition under MCR 2.116(C)(10). When a party moves for summary disposition under that rule, "a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *El-Khalil*, 504 Mich at 160. Only when there is no genuine issue of material fact may the motion be granted. See *id*. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ. *Id*.

## III. ISSUES RAISED BY THE PARTIES AND DECIDED BY THE TRIAL COURT

On appeal, defendant largely repeats the central argument that it made before the trial court—that medical providers like plaintiff are not innocent third parties within the innocent-third-party rule.

Defendant contends that this is so because medical providers' claims are derivative of the claims of their patients. In *Mota-Peguero v Falls Lake Natl Ins Co*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 364103); slip op at 4, this Court rejected this argument, in part because the medical provider in that case—like plaintiff here—brought a direct cause of action against the insurer by virtue of MCL 500.3112. *Mota-Peguero* explained that, when a medical provider brings a direct claim against an insurer who had rescinded its policy with the insured due to fraud, the trial court could not automatically dismiss the medical provider's claim due to the insured's fraud but "had the obligation to balance the equities of rescission." *Id*. at ___; slip op at 6. *Mota-Peguero* elaborated that this analysis should be guided "by the nonexclusive list of factors we listed in *Pioneer State Mut Ins Co v Wright*, 331 Mich App 396, 410-411; 952 NW2d 586 (2020)," but warned "that some of those factors are ill-suited to the consideration of rescission in the context of a dispute between an insurer and a health-care provider." *Mota-Peguero*, ___ Mich App at ___; slip op at 6.

Defendant insists that medical providers are not innocent third parties because the factors that courts rely on to balance the equities when determining whether rescission is proper are inapplicable to medical providers. This Court recently rejected this argument in *Van Dyke Spinal Rehab Ctr, PLLC v USA Underwriters*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 365848); slip op at 7-12. We are bound to follow *Van Dyke* under the rule of stare decisis. MCR 7.215(C)(2).

## IV. ISSUES *NOT* RAISED BY THE PARTIES BUT DECIDED BY THE TRIAL COURT

Defendant alternatively argues that "assuming balancing the equites was appropriate," then "the equities plainly weigh in [defendant's] favor." In support of this argument, defendant provides a detailed analysis of the five factors identified in *Pioneer*, 331 Mich App at 410-411, that courts are to consider when deciding whether to rescind a contract with respect to an innocent third party. This is the first time that these arguments have been presented to any court because, as the trial court recognized, neither party analyzed these factors below. Indeed, even on appeal, plaintiff does not analyze the factors identified in *Pioneer*—plaintiff simply encourages this Court to affirm the trial court's analysis because the court "scrupulously applied [the relevant] factors in balancing the equities in this case."

Regardless of how scrupulously the trial court weighed the equities, it violates procedural due process for a court to sua sponte rule on an issue without giving the parties the opportunity to brief the issue and present their arguments to the court. See *Al-Maliki v LaGrant*, 286 Mich App 483, 485-486; 781 NW2d 853 (2009).[2] Defendant had no notice that the trial court would consider balancing the equities for rescission at the hearing on its motion for summary disposition—defendant's motion argued that the trial court did not need to balance the equities because plaintiff's claim was derivative of Shannon's, and in response, plaintiff argued that its claim was not derivative of Shannon's and that plaintiff was an innocent third party. It was not until the hearing on defendant's motion that plaintiff argued that the equities weighed in its favor. But even then, plaintiff made the assertion without any analysis. On this record, the trial court should not have taken it upon itself to sua sponte decide this issue without giving the parties an opportunity to brief the issue and present their arguments. And as an error-correcting court, it would be improper for this Court to consider defendant's arguments in the first instance, especially in this case because rescission is a matter of a trial court's discretion.[3] See *Bazzi v Sentinel Ins Co*, 502 Mich 390, 412; 919 NW2d 20 (2018).

---

[2] In *Boulton v Fenton Twp*, 272 Mich App 456, 463-464; 726 NW2d 733 (2006), this Court recognized that a trial court's failure to allow a party an opportunity to brief an issue and present it to the court may be harmless error if the party fully briefs and presents its arguments in a motion for reconsideration, and the lower court considers the arguments. Here, in its motion for reconsideration, defendant did not brief the issue of whether the equities weighed in its favor, and the trial court never had the opportunity to consider the arguments that defendant raises on appeal.

[3] Additionally, plaintiff's counsel conceded at oral argument that it would be appropriate for the parties to address the equities before the trial court in the first instance because the issue was not raised in the trial court.

We accordingly vacate the trial court's order to the extent that it found that "the equities, as analyzed and stated on the record, weigh heavily in favor of rescission being ineffective as to the Plaintiff." On remand, the parties must be given the opportunity to address the issue before the trial court issues a ruling on it. In all other respects, the trial court's order is affirmed.

Affirmed in part, vacated in part, and remanded for further proceedings. We do not retain jurisdiction. No taxable costs pursuant to MCR 7.219, neither party having prevailed in full.

/s/ Colleen A. O'Brien
/s/ Mark J. Cavanagh
/s/ Douglas B. Shapiro