*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ETHAN TYLER CRAIG, a legally incapacitated person, by Guardian KATHERINE CRAIG,

      Plaintiff-Appellant,

v

TIMOTHY LEE WEGIENKA and VIRGINIA LEE WEGIENKA,

      Defendants-Appellees.

UNPUBLISHED
January 12, 2023

No. 359764
Wayne Circuit Court
LC No. 20-005135-NI

Before: CAVANAGH, P.J., and O'BRIEN and RICK, JJ.

PER CURIAM.

Plaintiff, as guardian for Ethan Tyler Craig, appeals as of right an order granting summary disposition in favor of defendants.[1] We affirm.

This case arises out of a March 19, 2020 motor vehicle accident in which a vehicle driven by Wegienka and owned by Virginia struck Craig. According to the police report detailing the accident, Wegienka was driving a vehicle northbound on Dix Toledo Highway near King Road in Woodhaven, Michigan at approximately 8:30 p.m. The weather conditions were dark and rainy. As Wegienka was driving, he saw Craig "at the last second" running eastbound across Dix Toledo Highway, and Craig was not in a crosswalk. Wegienka hit his brakes, and he attempted to swerve to the right to drive around Craig. However, the vehicle driven by Wegienka struck Craig, and Craig was later found unconscious on the roadway by police officers. Wegienka reported to officers that he had been driving approximately 40 to 45 miles per hour at the time he struck Craig. Further, it was noted that there were no streetlights near the area at which Craig was struck. An investigation report completed by the police noted that Craig was wearing dark-colored clothing at the time of the collision, and there was no evidence to suggest that Wegienka was traveling at

---

[1] We will refer to Katherine Craig as "plaintiff," Ethan Tyler Craig as "Craig," Timothy Lee Wegienka as "Wegienka," Virginia Lee Wegienka as "Virginia," and Wegienka and Virginia collectively as "defendants."

an unreasonable speed or at a higher rate of speed than the posted speed limit, which was 50 miles per hour, at the time of the crash. Records from Beaumont Health revealed that Craig tested positive for amphetamines, benzodiazepines, opiates, and marijuana at the hospital after the collision.

Officer Daniel Prokes, who responded to the scene of the accident, testified that he had no reason to believe that Wegienka was speeding at the time he struck Craig. Similarly, Officer Ryan Zimmers, another officer who responded to the scene of the accident, determined that Craig was at fault for the accident because Craig was not walking in a crosswalk while crossing a road in a very dark area and was wearing dark clothing. Officer Zimmers noted that officers investigating the accident used a light source to conduct their investigation due to the darkness of the accident scene.

Wegienka later testified that, at the time of the accident, the road was dark, and there were no streetlights or lights from businesses to illuminate the road. He stated that, as he was driving, he observed an object—which he later discovered was Craig—in the roadway, and he "slammed on the brakes" and swerved his vehicle. The object he observed was moving, and was 40 to 50 feet in front of his vehicle when he first saw it. He testified that, while he swerved, he was unable to avoid Craig.

Plaintiff, as guardian for Craig, filed a complaint against defendants, asserting that Wegienka was operating a vehicle owned by Virginia in a negligent and inattentive manner at the time of the March 19, 2020 accident. Plaintiff alleged that Virginia, as the owner of the vehicle, was also liable for Wegienka's negligent acts and omissions. Further, it was alleged that Wegienka owed duties of reasonable care and caution to Craig, and Wegienka breached these duties. Plaintiff alleged that the negligent acts of Wegienka were an actual and proximate cause of Craig's injuries, and as a result, Craig suffered serious and permanent injuries. Defendants denied that Wegienka operated the vehicle in a negligent and inattentive manner. Defendants also denied that the acts of Wegienka were an actual and proximate cause of Craig's injuries.

Defendants later filed a motion for summary disposition pursuant to MCR 2.116(C)(10), arguing that plaintiff failed to prove that Wegienka was negligent as it related to the accident. Defendants argued, "apart from the fact that an accident occurred, which on its own is insufficient to establish the element of breach, [plaintiff] cannot produce any additional evidence to establish a prima facie case that [Wegienka] breached his duty of care." Rather, defendants argued, the evidence established that Craig was culpable for his injuries because, at the time of the accident, he was high on drugs, was wanted by the police, ran into an unlit five-lane highway at night in the rain, and was wearing dark clothing. Plaintiff filed a response to defendants' motion for summary disposition. Plaintiff asserted that Wegienka was negligent at the time of the accident, and he never observed Craig before the accident. Plaintiff argued that there was a genuine issue of material fact regarding whether Wegienka breached his duty of care at the time of the accident.

Following a hearing on defendants' motion for summary disposition, the court stated that it would grant summary disposition in favor of defendants because plaintiff "has failed to meet the burden . . . of providing [the court] with a theory of liability that is more likely than not." The court found that Wegienka "not seeing someone walking into the road is frankly equally as likely the cause of this [accident] as [Craig] picking the wrong time to run across the road and darting

out in front of the vehicle." Thus, the court reasoned, "because there's not evidence sufficient to prove Plaintiff's theory that would impose liability, is more likely than not, then summary disposition has to be granted in favor of the Defense." The court later entered an order granting defendants' motion for summary disposition for the reasons stated on the record. The court also denied plaintiff's motion for reconsideration of its order granting summary disposition in favor of defendants, in which plaintiff had argued that the court did not give plaintiff the benefit of any reasonable doubt regarding whether there remained any genuine issues of material fact, and also that the court "improperly advanced alterative theories of causation and placed the burden of disproving those theories on Plaintiff." This appeal followed.

Plaintiff argues that the trial court erred by granting defendants' motion for summary disposition because it incorrectly concluded that, as a matter of law, the evidence did not support plaintiff's claim that Wegienka's conduct was a cause in fact of the accident. Plaintiff also asserts that the trial court impermissibly weighed potential factual causes of the accident. We disagree.

We review de novo a trial court's decision on a motion for summary disposition. *Powell-Murphy v Revitalizing Auto Communities Environmental Response Trust*, 333 Mich App 234, 242; 964 NW2d 50 (2020) (citation omitted). A trial court may properly grant a motion for summary disposition under MCR 2.116(C)(10) "when the affidavits or other documentary evidence, viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and the moving party is therefore entitled to judgment as a matter of law." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5; 890 NW2d 344 (2016).

"If the moving party properly supports his or her motion, the burden shifts to the nonmoving party to establish that a genuine issue of material fact exists." *Redmond v Heller*, 332 Mich App 415, 438; 957 NW2d 357 (2020). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted). "Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Lowrey*, 500 Mich at 7, quoting *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996) (quotation marks omitted). "If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted." *Lowrey*, 500 Mich at 7, quoting *Quinto*, 451 Mich at 363 (quotation marks omitted). This Court's "review is limited to the evidence that had been presented to the circuit court at the time the motion was decided." *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 475-476; 776 NW2d 398 (2009).

"To establish a prima facie case of negligence, plaintiff must prove four elements: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages." *Finazzo v Fire Equip Co*, 323 Mich App 620, 635; 918 NW2d 200 (2018). "Proof of causation requires both cause in fact and legal, or proximate, cause." *Haliw v Sterling Hts*, 464 Mich 297, 310; 627 NW2d 581 (2001). "In a negligence action, a plaintiff must establish both factual causation, i.e., 'the defendant's conduct in fact caused harm to the plaintiff,' and legal causation, i.e., the harm caused to the plaintiff 'was the general kind of harm the defendant negligently risked.' " *Ray v Swager*, 501 Mich 52, 64; 903 NW2d 366 (2017) (citation omitted).

"If factual causation cannot be established, then proximate cause, that is, legal causation, is no longer a relevant issue." *Id*.

Proximate cause "involves examining the foreseeability of consequences, and whether a defendant should be held legally responsible for such consequences." *Id*. at 63 (quotation marks and citation omitted). "It is not uncommon that more than one proximate cause contributes to an injury." *Id*. at 65 (citation omitted). "The cause in fact element generally requires showing that 'but for' the defendant's actions, the plaintiff's injury would not have occurred." *Skinner v Square D Co*, 445 Mich 153, 163; 516 NW2d 475 (1994). While a plaintiff "may show causation circumstantially, . . . a plaintiff's circumstantial proof must facilitate reasonable inferences of causation, not mere speculation." *Id*. at 163-164. "[A] causation theory must have some basis in established fact" at a minimum. *Id*. at 164. "However, a basis in only slight evidence is not enough." *Id*. "Nor is it sufficient to submit a causation theory that, while factually supported, is, at best, just as possible as another theory." *Id*. A "plaintiff must present substantial evidence from which a jury may conclude that more likely than not, but for the defendant's conduct, the plaintiff's injuries would not have occurred." *Id*. at 164-165. "A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant." *Id*. at 165 (quotation marks and citation omitted). "Something more should be offered [to] the jury than a situation which, by ingenious interpretation, suggests the mere possibility of defendant's negligence being the cause of the injury." *Id*. at 166 (quotation marks and citation omitted).

In this case, the trial court noted that it was "able to grant summary disposition on this record because Plaintiff has failed to meet the burden under [*Skinner*] of providing [the court] with a theory of liability that is more likely than not." The trial court appears to be referring to the Michigan Supreme Court's statement in *Skinner* regarding cause in fact that a "plaintiff must present substantial evidence from which a jury may conclude that more likely than not, but for the defendant's conduct, the plaintiff's injuries would not have occurred." *Id*. at 164-165. The Michigan Supreme Court in *Skinner* noted that "the specific causation issue before the [Michigan Supreme Court] in [that] case [was] one of cause in fact, and not legal cause or 'proximate cause.' " *Id*. at 162. Thus, the trial court in the instant case granted summary disposition in favor of defendants on the ground that there was no genuine issue of material fact regarding whether Wegienka's conduct was the cause in fact of Craig's injuries.

In *Latham by Perry v Nat'l Car Rental Sys, Inc*, 239 Mich App 330; 608 NW2d 66 (2000), the three plaintiffs were passengers in a stolen van driven by "D'Angelo." *Id*. at 331. While the plaintiffs were joyriding in the stolen van, it crashed into another vehicle driven by the defendant.[2] *Id*. The plaintiffs later filed a personal injury action against the rental company who leased the van they occupied at the time of the accident, the defendant, the owner of the vehicle driven by the defendant, and the van's lessee. The trial court granted summary disposition under MCR 2.116(C)(10) in favor of the defendant and the owner of the vehicle driven by the defendant at the time of the accident. *Id*. at 331-332, 339. In support of the motion for summary disposition, the

---

[2] There were multiple defendants in *Latham*, though we will refer to Rondal Rucker, who was the driver of the vehicle involved in the accident in *Latham*, as the defendant.

defendant and the owner of the vehicle driven by the defendant submitted a police report which indicated that D'Angelo caused the accident by failing to yield the right of way at the intersection. *Id*. at 341. The defendant testified at his deposition that he only saw the van's headlights for a brief moment before it entered the intersection, and the defendant slammed on his brakes before the collision. *Id*. The plaintiffs' testimony established "that they had no personal knowledge of any negligence on the part of" the defendant. *Id*. at 342. The trial court granted summary disposition in favor of the defendant and the owner of the vehicle driven by the defendant, holding that the "plaintiffs failed to present any evidence that [the defendant] was negligent in the operation of his vehicle." *Id*. at 339.

On appeal, the plaintiffs argued that there was a genuine issue of material fact regarding whether the defendant was negligent in the collision of the van occupied by the plaintiffs, and summary disposition was improperly granted. *Id*. at 339-340. This Court affirmed the trial court's grant of summary disposition in favor of the defendant and the owner of the vehicle driven by the defendant, reasoning that the record was "devoid of any evidence that [the defendant] failed to drive his vehicle in a prudent manner, that he was negligent in its operation, or that his actions in any way caused the accident in question." *Id*. at 342. Further, this Court concluded that the plaintiffs' assertion that the defendant "was traveling without his headlights on or at an excessive rate of speed is purely speculative and conjectural." *Id*. This Court then cited *Skinner*, noting that "[t]here must be more than a mere possibility that unreasonable conduct of the defendant caused the injury." *Id*. (quotation marks and citations omitted). This Court noted that there was not "substantial evidence that forms a reasonable basis for the inference of [the defendant's] negligence." *Id*. at 343. This Court concluded that the plaintiffs "failed to sustain their burden of opposing the motion for summary disposition with admissible evidence." *Id*. at 343.

Plaintiff argues that the Michigan Supreme Court's decision in *Ray* indicates that potential factual causes should not be weighed as there can be more than one cause in fact for injuries suffered in an accident. However, in *Ray*, the Michigan Supreme Court concluded that "[d]etermining whether an actor's conduct was 'the proximate cause' . . . does not involve a weighing of factual causes." *Ray*, 501 Mich at 74. The Michigan Supreme Court further reasoned that "so long as the defendant is a factual cause of the plaintiff's injuries, then the court should address legal causation by assessing foreseeability and whether the defendant's conduct was *the* proximate cause." *Id*. Thus, the Michigan Supreme Court in *Ray* held that weighing factual causes was error only when determining proximate cause and not cause in fact. Thus, because the trial court in the instant case granted summary disposition on the basis that there was no genuine issue of material act regarding whether Wegienka's conduct was the cause in fact, and not the proximate cause, of Craig's injuries, the trial court did not err when it weighed the factual causes of Craig's injuries.

Plaintiff also argues that *Skinner* is inapplicable in the instant case because *Skinner* involved comparing alternative causes in a products liability case where only circumstantial evidence regarding causation existed. However, the Michigan Supreme Court in *Skinner* did not limit its holding to only product defect or product liability actions. The Michigan Supreme Court stated that the "threshold evidentiary standard applied to a plaintiff's proof of factual causation"— that is, that "the plaintiff must present substantial evidence from which a jury may conclude that more likely than not, but for the defendant's conduct, the plaintiff's injuries would not have occurred"—had been consistently applied in negligence cases. *Skinner*, 445 Mich at 164-165.

Further, this Court and the Michigan Supreme Court have often relied on *Skinner* in negligence cases that did not involve product liability, including in *Ray*, which plaintiff cites in her brief on appeal, as well as in *Latham*. *Ray*, 501 Mich at 70 n 38; *Latham*, 239 Mich App at 342.

Plaintiff was unable to identify what specific actions taken by Wegienka constituted a cause in fact of the accident and also failed to establish the existence of a material factual dispute regarding this issue. Plaintiff argues that there is ample evidence to support her claim that Wegienka's conduct caused the accident. However, plaintiff merely speculated that Craig "clearly was in the road long before Wegienka noticed him," that "there was considerable ambient lighting in the location even though there was no overhead lighting on the road," and that Wegienka failed to drive at a safe speed despite the rain and darkness at the time of the collision with Craig. We note that, similar to the plaintiffs *Latham*, plaintiff in the instant case has "failed to sustain [her] burden of opposing the motion for summary disposition with admissible evidence." *Id*. at 343. Further, plaintiff failed "to present documentary evidence establishing the existence of a material factual dispute" regarding whether Wegienka's conduct caused the accident. *Lowrey*, 500 Mich at 7, quoting *Quinto*, 451 Mich at 363 (quotation marks omitted).

Evidence presented to the trial court included the police report detailing the accident, which indicated that Wegienka saw Craig "at the last second" running across the road, and that Craig was not in a crosswalk. Wegienka reported that he was driving under the posted speed limit at the time of the accident, and he attempted to brake and swerve to avoid Craig just before the collision. Evidence also indicated that Craig was wearing dark-colored clothing at the time of the collision, and there was no evidence to suggest that Wegienka was traveling at an unreasonable speed or a higher rate of speed than the posted speed limit at the time of the crash. Additional evidence, including an affidavit signed by Anders Hindman, indicated that Craig may have been impaired as a result of drug use earlier on the date of the accident. Officer Prokes testified that he believed that Craig was responsible for the accident. Testimony provided by Officer Zimmers indicated Craig was not walking in a crosswalk at the time of the collision, that it was dark and rainy at the time of the collision, and that Officer Zimmers did not believe that Wegienka was at fault for the accident. Further, Sergeant Biniarz testified that the crash was likely unavoidable from Wegienka's perspective. Officer Vickey also testified that it was raining and dark on the night of the accident, and Craig was wearing dark clothing in unlit conditions. Officer Vickey did not find Wegienka to be at fault in the collision. Wegienka testified that, at the time of the accident, the road was dark, and there were no streetlights or lights from businesses to illuminate the road.

Conversely, plaintiff failed to provide any evidence that Wegienka's speed at the time of the collision was a cause of the accident. She merely speculates that, because the accident occurred, Wegienka must have been driving at an unsafe speed. While plaintiff highlighted evidence that Dix Toledo Highway was illuminated by light poles from the parking lot of a dentist's office near the scene of the accident, plaintiff failed to provide evidence that the accident occurred directly adjacent to this parking lot, nor did she provide evidence that this illumination provided sufficient light to allow Wegienka to see Craig in the rain before the collision. However, testimony was provided that the police required flashlights to investigate the accident scene because of the darkness at the accident scene. Similarly, with regard to her claim that Craig was in the road long before he was noticed by Wegienka, plaintiff only speculates that Wegienka should have seen Craig because he had already crossed four lanes of travel before the collision occurred.

However, we again note that plaintiff's claim is speculation, and she provided no evidence that Wegienka should have seen Craig before the collision.

Given the evidence presented to the court, plaintiff has failed to "present substantial evidence from which a jury may conclude that more likely than not, but for . . . defendant's conduct, . . . plaintiff's injuries would not have occurred." *Skinner*, 445 Mich at 164-165. "[A] basis in only slight evidence is not enough." *Id*. at 164. Plaintiff merely speculates that Wegienka was traveling at too fast a speed, that Craig had been in the road long before Wegienka noticed him, and also that light was visible on the road at the time of the accident. The "slight evidence" regarding light from a dentist's office parking lot is not sufficient evidence "from which a jury may conclude that more likely than not" plaintiff's injuries would not have occurred. *Skinner*, 445 Mich at 164-165. Similar to this Court's conclusions in *Latham*, the record in this case is "devoid of any evidence that [defendant] failed to drive his vehicle in a prudent manner, that he was negligent in its operation, or that his actions in any way caused the accident in question." *Latham*, 239 Mich App at 342. Like the plaintiffs in *Latham*, plaintiff's assertions regarding Wegienka's speed at the time of the collision, the lighting on the road, and the length of time for which Craig was present in the road were merely conjecture. We note that, similar to this Court's reasoning in *Latham*, that "[t]here must be more than a mere possibility that unreasonable conduct of the defendant caused the injury." *Id*. (quotation marks and citations omitted). Because plaintiff failed to meet the burden set forth in *Skinner*, and thus failed to demonstrate that there was a genuine issue of material fact regarding whether Wegienka's conduct was a cause in fact of Craig's injuries, the trial court did not err in granting defendants' motion for summary disposition.

Plaintiff further asserts that the court raised the issue of causation sua sponte, and defendants failed to raise the issue regarding causation, or even cite *Skinner*, in their motion for summary disposition. A trial court has authority to grant summary disposition sua sponte under MCR 2.116(I)(1), which provides that "[i]f the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact, the court shall render judgment without delay." Here, as noted above, the trial court correctly concluded that there was no genuine issue of material fact regarding whether Wegienka's conduct was a cause in fact of the collision or of Craig's injuries.

While plaintiff argued that the trial court "clearly erred by issuing a sua sponte ruling at the summary disposition hearing," it appears that plaintiff argues that her due process right was violated as a result of her inability to brief the issue of causation at the time the court issued a ruling on defendants' motion for summary disposition. "Due process is a flexible concept, the essence of which requires fundamental fairness." *Al-Maliki v LaGrant*, 286 Mich App 483, 485; 781 NW2d 853 (2009). "The basic requirements of due process in a civil case include notice of the proceeding and a meaningful opportunity to be heard." *Id*. "Where a court considers an issue sua sponte, due process can be satisfied by affording a party an opportunity for rehearing." *Id*. at 485-486. In *Boulton v Fenton Twp*, 272 Mich App 456; 726 NW2d 733 (2006), this Court concluded that, even though the trial court issued a sua sponte grant of summary disposition based on the statute of limitations, the plaintiff was given an opportunity for a full hearing when he "filed a motion for reconsideration in which he fully briefed and presented his arguments regarding the trial court's authority to enter judgment . . . ." *Id*. at 463-464. Similarly, in the instant case, plaintiff briefed the issue of causation in her motion for reconsideration of the court's order granting summary disposition in favor of defendants, and the court ruled on this motion for

reconsideration. Specifically, plaintiff argued that whether Wegienka's conduct was a cause in fact of Craig's injuries was a question of fact for a jury to decide, and also argued that plaintiff had established a theory of causation when she asserted that Wegienka was driving too fast for the road conditions at the time of the accident. Further, plaintiff argued that her theory of causation was not improbable, and plaintiff had "established the reasonable inference of cause and effect necessary to submit the factual issue of cause in fact to the trier of fact." Nevertheless, the court denied plaintiff's motion for reconsideration. Thus, plaintiff was afforded "a meaningful opportunity to be heard" on the issue of causation. *Al-Maliki*, 286 Mich App at 485.

Plaintiff next argues that the trial court erred when it assumed that the accident occurred when Craig "ran into the road" because there was no evidence that Craig darted in front of Wegienka. We disagree.

The only fact that plaintiff claims the court assumed that was not presented to the court as evidence was that Craig ran into the road before he was struck by Wegienka's vehicle. The police report detailing the accident stated that Wegienka saw Craig "running" across the road while he was not in a crosswalk. Further, the Down River Crash Team Investigation Report detailing the accident noted that Wegienka informed police officers that he saw Craig "at the last second running across the roadway so he hit his brakes and swerved to the right in an attempt to miss" Craig. Plaintiff failed to present any evidence that Craig was walking across the road at the time of the accident. Thus, evidence regarding Craig's running before the accident was presented to the court at the time it considered defendants' motion for summary disposition, and the trial court did not err in stating that Craig ran across the road just before the accident.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Colleen A. O'Brien
/s/ Michelle M. Rick